JULIA O'BRIEN *vs.* FRED H. FREEMAN.

Suffolk.    November 10, 1937. — December 6, 1937.

Present: FIELD, LUMMUS, QUA, DOLAN, & COX, JJ.

*Negligence*, Amusement device, Invited person, Assumption of risk, Contractual limitation of liability. *Agency*, Scope of employment.

Evidence warranted a finding of negligence of an attendant at a roller skating rink who, while skating backwards, bumped into a patron and caused him to fall.

The proprietor of a roller skating rink might be found responsible for negligence of his floor attendant who bumped into a patron, even if the attendant was disobeying specific instructions.

It was a question for the jury on the evidence whether notice by the proprietor of a roller skating rink, that patrons would use it at their own risk, had been brought home to a patron, by posted signs and by statements printed on his ticket, so as to limit the invitation extended to him.

TORT. Writ in the Superior Court dated October 14, 1932.

The action was tried before *O'Connell*, J. There was a verdict for the plaintiff in the sum of $1,500. The defendant alleged exceptions.

The case was submitted on briefs.

*L. Aronson & H. Pavan*, for the defendant.

*T. B. Shea & F. D. Harrigan*, for the plaintiff.

Cox, J. The plaintiff has a verdict against the defendant in an action of tort for the alleged negligence of one of the defendant's employees. The only exception presented is that of the defendant to the denial of his motion for a directed verdict.

The jury could have found that the plaintiff was injured in the defendant's roller skating rink to which she had been admitted by a ticket which she purchased; that as she was skating, the guard or attendant, skating backwards in the same direction in which the plaintiff was going, overtook and passed another skater, who was about five feet behind the plaintiff, and bumped into the plaintiff causing her to fall; that the instructions of the defendant to the guards were to skate at one half to one third of the speed of the skaters and in skating backwards to face the patrons, and in general to regulate the speed of the patrons; that on the face of the plaintiff's admission ticket appeared: "In purchasing this ticket you agree to use same at your own risk. (OVER)"; that on the reverse side of the ticket appeared: "The Management will not be responsible for any accident or liability whatever while on their premises. In purchasing this ticket you agree to use same at your own risk"; that the plaintiff noticed signs in the place that said "skaters, something about their own risk"; that she did not see the ticket or bother to read it when she purchased it; that she did not know anything was on the back of it; that the ticket was purchased from a man in a cage and then given to a man at the door within a few feet of where it was purchased; and that the plaintiff had previously skated in the rink. There is nothing in the record to show when the plaintiff noticed the signs in the rink which, as she testified, said "skaters, something about their own risk." We do not take into account other testimony which the jury may not have believed. The jury was not required to accept the plaintiff's version of everything that occurred where, as here, there was other evidence which warranted different conclusions. *Whiteacre* v. *Boston Elevated Railway*, 241 Mass. 163.

It could not have been ruled as matter of law that there

was any contributory negligence on the part of the plaintiff which prevented her from recovering, and we think that the question of the negligence of the guard or attendant and the defendant's responsibility therefor, *Ryan* v. *Keane*, 211 Mass. 543, *Coughlin* v. *Rosen*, 220 Mass. 220, 223, was for the jury under appropriate instructions, which we assume were given. This is so even though the attendant may have disobeyed the defendant's instructions. *Grant* v. *Singer Manuf. Co.* 190 Mass. 489, 493. *Fanciullo* v. *B. G. & S. Theatre Corp.* 297 Mass. 44. Assuming in favor of the defendant that he could impose conditions and limitations upon the invitation which he did in fact extend to the plaintiff and that she would be bound thereby if they were brought to her attention in such a manner that a person of ordinary intelligence in her position would have known of and understood them, yet it was for the jury to say whether the attempted limitations were so brought home to the plaintiff as to prevent her recovery. *Kushner* v. *McGinnis*, 289 Mass. 326. *Brennan* v. *Ocean View Amusement Co.* 289 Mass. 587.

*Exceptions overruled.*