■ HARRY PUTZER, Respondent, v. VIC-TANNY-FLATBUSH, INC., Appellant. — In an action to recover damages for personal injury, defendant appeals from an order of the Supreme Court, Kings County, entered August 6, 1962, which granted its motion to dismiss the action for lack of prosecution, "unless plaintiff files a note of issue for the October, 1962 term;" and which granted plaintiff's cross motion to strike out the first affirmative defense pleaded in the defendant's answer. Order modified by striking out the first decretal paragraph, and by substituting therefor a provision denying the

plaintiff's cross motion to strike out the said first affirmative defense. As so modified, order affirmed, without costs. In our opinion, the first affirmative defense pleading, in pursuance of paragraph "5" of the membership contract, an immunity from liability for plaintiff's injury alleged to have been caused by defendant's negligence, is valid on its face as a covenant not to sue (*Ciofalo* v. *Vic Tanney Gyms*, 10 N Y 2d 294; *Mercante* v. *Hygrade Food Prods. Corp.*, 258 App. Div. 641). However, since this immunity provision was contained in "fine print" on the reverse side of the instrument which plaintiff admittedly signed, it will be for the trier of the fact to decide whether this restriction upon his right to recovery was called to his attention when the instrument was executed and delivered (cf. *Klar* v. *H. & M. Parcel Room*, 270 App. Div. 538, affd. 296 N. Y. 1044; *Howard* v. *Handler Bros. & Winell*, 279 App. Div. 72, affd. 303 N. Y. 990; *Matter of Philip Export Corp.* [*Leatherstone Inc.*], 275 App. Div. 102; *Montano* v. *Springfield Gardens Nat. Bank*, 207 Misc. 840; *Cohen* v. *City of New York*, 190 Misc. 901). Beldock, P. J., Ughetta, Christ, Rabin and Hopkins, JJ., concur.