■ CAROLINE HERTZOG, Appellant, v. HARRISON ISLAND SHORES, INC., Respondent.— Order, entered on January 28, 1964, denying plaintiff motion to dismiss as insufficient as a matter of law the first separate and complete affirmative defense contained in defendant's answer, unanimously reversed, on the law, with $20 costs and disbursements to appellant, and plaintiff's motion to dismiss the first separate and complete affirmative defense granted, with $10 costs. Plaintiff was injured on June 9, 1963, on defendant's premises when she fell from a gangplank leading to a dock, landing on some rocks, thereby causing her injury. Defendant owns and operates a beach and yacht club at New Rochelle, N. Y., and offered its facilities to plaintiff who became a member of the club and agreed to pay for the use of the facilities therein. In conjunction therewith, an agreement was entered into on May 27, 1963, which provided as follows: " I hereby make application for membership in the Harrison Island Shores, Inc., New Rochelle, New York, for the season of 1963. If accepted, I agree to become bound by any and all laws of the club and by all rules and regulations as they now exist, or if they may be amended and waive claim for any loss to personal property, or for any personal injury while a member of said club." Defendant sets forth the agreement as a defense to plaintiff's action for personal injury and claims that plaintiff has waived any right for claim of loss for any personal injury while a member of the club. The language of the agreement is not sufficiently explicit to absolve defendant from its own negligence (*Kaufman* v. *American Youth Hostels,* 5 N Y 2d 1016; *Van Dyke Prods.* v. *Eastman Kodak Co.,* 12 N Y 2d 301). The wording of an exculpatory agreement must express as clearly as language can, the intention of the parties to absolve one of them from liability for negligence or other fault. The language of the agreement herein does not meet the test of clarity or explicitness required

to afford defendant the benefit of a waiver. Concur — Breitel, J. P., Valente, Eager, Steuer and Staley, JJ.