OPINION OF THE COURT
Norman J. Wolf, J.
The defendant has moved this court for a judgment dismissing the plaintiff’s complaint on the ground that the cause of action cannot be maintained because of release.
The plaintiff has brought an action for personal injuries alleged to have occurred while tobogganing at Bond Lake, a park owned and operated by the defendant. The plaintiff alleges that his injuries are the result of the negligence of the defendant in constructing, operating and/or maintaining the Bond Lake facility. The defendant asks for dismissal of the action based on a release signed by the plaintiff at the facility, prior to the accident.
*471 The plaintiff maintains that section 5-326 of the General Obligations Law renders agreements such as this one void and unenforceable. The defendant contends that the statute is inapplicable to the instant case.
Section 5-326 of the General Obligations Law provides: “Every covenant, agreement or understanding in or in connection with, or collateral to, any contract, membership application, ticket of admission or similar writing, entered into between the owner or operator of any pool, gymnasium, place of amusement or recreation, or similar establishment and the user of such facilities, pursuant to which such owner or operator receives a fee or other compensation for the use of such facilities, which exempts the said owner or operator from liability for damages caused by or resulting from the negligence of the owner, operator or person in charge of such establishment, or their agents, servants or employees, shall be deemed to be void as against public policy and wholly unenforceable.” (Emphasis added.)
The plaintiff concedes that he was not issued a ticket of admission nor did he pay a fee before entering Bond Lake. The court in Beardslee v Blomberg (70 AD2d 732) held that the statute was inapplicable to a release not signed “in or in connection with, or collateral to” an admission ticket, thereby giving section 5-326 of the General Obligations Law a narrow construction. This court has reviewed the Governor’s bill jacket (L 1976, ch 414) and concludes that the Legislature intended this provision to apply to paying users of facilities and to releases made in connection with membership applications and admission tickets. The major purpose of the legislation was to stop attempts by places of recreation to exempt themselves from liability for negligence by using provisions printed in small type on tickets for admission and other writings. The court finds plaintiff’s arguments that plaintiff paid compensation to defendant’s facility for refreshments and that other users of the park paid fees for different activities to be outside the scope of this statute.
Having found section 5-326 of the General Obligations Law does not void the release in the present case, the court must now look to the release itself, to see if it requires the dismissal of the plaintiff’s cause of action.
*472 Courts are reluctant to enforce agreements exculpating a party from liability for his own negligence. Such agreements are subject to close judicial scrutiny and require clear and unequivocal language in order to be enforced. (Gross v Sweet, 49 NY2d 102; Van Dyke Prods. v Eastman Kodak Co., 12 NY2d 301; Ciofalo v Vic Tanney Gyms, 10 NY2d 294; Franzek v Calspan Corp., 78 AD2d 134.)
The only time that this general rule of strict judicial construction has been relaxed is where the courts have dealt with indemnification agreements. This is in recognition of the fact that these agreements are usually negotiated at arm’s length between two businesses and are merely a means of allocating between the two contracting parties the risk of liability to third parties, essentially through the employment of insurance. (Gross v Sweet, supra; Hogeland v Sibley, Lindsay & Curr Co., 42 NY2d 153; Levine v Shell Oil Co., 28 NY2d 205; and Grumman Amer. Aviation Corp. v International Business Mach. Corp., 77 AD2d 582.)
In the instant case, we are not dealing with an indemnification agreement, but rather with an exculpatory agreement which has the potential of depriving an injured plaintiff of a remedy. In such cases, the courts have applied exacting standards in evaluating the language used. The Court of Appeals in Gross (supra, p 108) said “the fairest course is to provide explicitly that claims based on negligence are included”. The court went on to say that if thé word negligence does not appear, words conveying a similar import must. Language that the court suggested would suffice are words referring to the “neglect” or “fault” of defendant. (Supra, at p 108; Theroux v Kedenburg Racing Assn., 50 Misc 2d 97, affd 28 AD2d 960.) No such language appears in the release presently before the court. Rather, like the agreement in Gross, the release is in general terms, referring to release “from any liability for any harm, injury, or damage * * * including all risks * * * whether forseen or unforseen”.
The first paragraph of the agreement in the instant case lists a series of risks that the plaintiff acknowledges can be part of tobogganing. However, the plaintiff was never explicitly informed that he was accepting as part of
*473 the danger inherent in the activity, the enhanced risks resulting from defendant’s negligence in operating or maintaining its facility. The necessary clarity and precision regarding the defendant’s exemption of itself from liability for its own negligence is lacking. (Gross v Sweets, supra; Sivaslian v Rawlins, 88 AD2d 703.) Because any ambiguities must be resolved against the party who drafted the agreement (L.B. Smith, Inc. v Bradley & Williams, 88 AD2d 782; Grumman Amer. Aviation Corp. v International Business Mach. Corp., supra), the court concludes that the agreement does not release defendant from the consequences of its own negligence.
Accordingly, the defendant’s motion is denied.