JAMES G. POSKOZIM, Plaintiff-Appellant, v. MONNACEP *et al.*, Defendants-Appellees.

First District (4th Division)   Nos. 83—1594, 83—2185 cons.

Opinion filed March 7, 1985.

Susan E. Loggans & Associates, of Chicago, for appellant.

Judge & Knight, of Chicago, for appellees Oakton Community College District 535 and Northfield Township High School District 225.

Baker & McKenzie, of Chicago, for appellee Maine Township High School District 207.

Hubbard, Hubbard & O'Brien, of Chicago, for appellee Niles Township High School District 219.

McBreen & McBreen, of Chicago, for appellees Sky Sports, Inc., James Miglore, and Dave Jacobs.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The issue in the instant appeal is whether the plaintiff, James G. Poskozim, who was injured while making his first parachute jump, is precluded from recovery by the exculpatory agreement he executed. The defendants are a joint venture of Maine Township High School District 207, Niles Township High School District 219, Northfield Township High School District 225, and Oakton Community College District 535 (collectively referred by the acronym Monnacep), Sky Sports, Inc., and Dave Jacobs and James Miglore, employees of Sky Sports, Inc. Monnacep offered the sky-diving course as part of an adult education program, Sky Sports, Inc., provided the course, and Jacobs and Miglore did the actual instruction and supervision. All the defendants joined together to file a motion to dismiss the plaintiff's complaint. The trial court found that the exculpatory agreement's language was "unambiguous and crystal clear" in its intent to exculpate the defendants from liability arising out of the sky-diving class. Accordingly, the trial court granted the defendants' motion to dismiss. Poskozim now appeals.

On September 6, 1981, Poskozim enrolled in the sky-diving course offered by Monnacep. On September 30 he attended his first class, at which time he was advised by the instructors to bring boots to the next class and if they were suitable for the jump, the instructors would then approve them. On October 3, Poskozim attended his second class, at the conclusion of which he was to make his first parachute jump. During the second class Poskozim read and executed a document entitled "Adult Release and Indemnity Agreement," which provided as follows:

> "In consideration of the permission extended to me by Sky Sports, Inc., to participate in a course of parachuting instruction, parachuting training, flying activities, ground or air operations incidental to parachuting and flying, and for other valuable consideration, hereby acknowledge, I *James G. Poskozim* of Park Ridge, IL. *** do hereby fully and forever release and discharge the said Sky Sports, Inc., and their employees, servants, stockholders, agents, successors, assigns, and all persons whomsoever directly or indirectly liable, from any and all other claims *** in any way resulting from, per-

sonal injuries \*\*\* sustained by me, arising out of \*\*\* parachute jumps \*\*\* or arising out of the ownership, operation, use, maintenance or control of any vehicle \*\*\* and meaning and intending to include herein all such personal injuries, conscious suffering, death or property damage resulting from or in any way connected with or arising out of instructions, training, and ground or air operations incidental thereto."
Poskozim's boots were then approved by the instructors. Poskozim made the parachute jump, and at the completion of his descent he broke his leg upon impact with the ground.

On appeal Poskozim raises two issues: First, Poskozim argues that the exculpatory agreement is ambiguous and unenforceable; and second, Poskozim argues that the exculpatory agreement, by failing to specifically name Monnacep in its language, does not bar his cause of action against the joint venture. We reject both arguments.

In his first argument, Poskozim alleges that the defendants were negligent in instructing him in the art of parachuting and that the defendants negligently approved the equipment he used. Poskozim asserts that the agreement is ambiguous and unenforceable in that it did not clearly delineate the party's intentions to exculpate the defendants for their own negligence and that it was not intended to include equipment, *i.e.*, the boots he used in the jump. Poskozim rests this assertion on *Diedrich v. Wright* (N.D. Ill. 1982), 550 F. Supp. 805. In holding that a sky-diving release did not bar the plaintiff from suing the defendants, the court in *Diedrich* reasoned that the terms of the release did not extend to claims arising out of the negligence of the defendants because the specific language of the release indicated that the plaintiff signed the document assuming to release the defendants only for "unforeseen and unforeseeable risks and hazards over which [the defendants have] no control." (550 F. Supp. 805, 806.) The court held that the foregoing language referred only to those dangers of the sport that are not the result of the negligent acts of the released.

■ In the case at bar, the agreement has no such limiting language as was contained in *Diedrich*. The instant exculpatory agreement specifically sets forth in clear language the range of activities to which it applies and the parties to be included thereunder. Moreover, to construe a release as not including claims predicated on negligence is in essence a release that releases nothing at all and would be meaningless. (See *Gross v. Sweet* (1979), 49 N.Y.2d 102, 424 N.Y.S.2d 365, 400 N.E.2d 306 (dissenting opinion).) Therefore, Poskozim's reliance on *Diedrich* is misplaced, and we concur with

the trial court's finding that the instant exculpatory agreement is unambiguous. Additionally, if there was any misconduct on the part of the defendants in their approval of Poskozim's use of the boots, such conduct would be characterized as instructional, and the instant exculpatory agreement is explicit in its exculpation of all matters having to do with instructions.

In his second argument, Poskozim argues that even if the exculpatory agreement insulated some of the defendants, the agreement failed to specifically name Monnacep in its language and therefore his cause of action against the joint venture is still valid. In Illinois, exculpatory agreements are not favored by the law and are therefore strictly construed. An agreement protecting one from the consequences of his own negligence must be expressed in clear, explicit and unequivocal language showing that such was the intent of the parties. See *Owen v. Vic Tanny's Enterprises* (1964), 48 Ill. App. 2d 344, 199 N.E.2d 280; 57 Am. Jur. 2d *Negligence* secs. 20-31 (1971).

In the case at bar, the language of the exculpatory agreement is clear, explicit and unequivocal in demonstrating the party's intent to exculpate Monnacep. The agreement specifically excludes "all persons whomsoever directly or indirectly liable" from a well-defined category of claims arising out of activities directly related to the parachute jump. Monnacep was the entity that organized and offered the sky-diving course and is thus clearly a party directly involved in the activities described in the above agreement. Accordingly, the exculpatory agreement is unambiguous in its intent to insulate Monnacep from liability in the instant action.

Based on the foregoing, the trial court's dismissal of Poskozim's complaint is affirmed.

Affirmed.

JOHNSON and ROMITI, JJ., concur.