BARBARA NEUMANN, Plaintiff-Appellant, v. GLORIA MARSHALL FIG-URE SÁLON, Defendant-Appellee.

Second District    No. 86—0114

Opinion filed November 13, 1986.

Craig J. Chval, of Smith & Munson, Ltd., of Wheaton, for appellant.

Thomas H. Fegan, John W. Bell, and Michael B. Gunzburg, all of Johnson, Cusack & Bell, of Chicago, for appellee.

JUSTICE LINDBERG delivered the opinion of the court:

Plaintiff, Barbara Neumann, appeals from the trial court's order granting summary judgment for defendant, Gloria Marshall Figure Salon (Gloria Marshall). Plaintiff contends on appeal that she is not barred from recovering from her personal injuries, as a matter of law, by the exculpatory clause contained in the membership application she signed.

Plaintiff joined Gloria Marshall on May 29, 1982. She signed a contract agreeing to pay Gloria Marshall $406.96 in return for 176 visits. The contract also provided:

> "Patron specifically assumes all risks of injury while using any equipment or facilities at the salon and waives any and all claims against Gloria Marshall Management Company and the owners and employees of the salon for any such injury."

The parties do not dispute that plaintiff read, understood, and signed the agreement.

On June 21, 1982, plaintiff allegedly injured her back while using one of defendant's exercise machines. She testified at her deposition that she chose a machine to use and called one of defendant's employees, Rosa, to start the machine. The employee placed the leg portion of the machine in the downward position before turning it on and leaving the room. Plaintiff claimed that Rosa failed to determine whether she was lying properly on the table. When the machine was activated, plaintiff felt sharp, stabbing pains in her back but, nevertheless, continued the exercise. She believed that something was not right but continued to stay on because she wanted to complete the program. After completing the program, she related to Rosa that she had felt excruciating back pain while the machine was operating with the leg portion in the downward position. Rosa advised plaintiff not to repeat the exercise with the machine in that position. Plaintiff completed the whole program that night, including the use of the same machine with the leg portion in the upward position, even though she experienced back pain.

Plaintiff sought medical treatment on July 16, 1982. Testing revealed a ruptured disc. On August 22, 1982, plaintiff underwent a lumbar laminectomy to treat her back problems.

■■ ■ Plaintiff contends on appeal that the trial court improperly granted defendant's motion for summary judgment considering the exculpatory clause dispositive as a matter of law. Summary judgment is proper when no material issue of fact is presented by the pleadings. (*Coomer v. Chicago & North Western Transportation Co.* (1980), 91 Ill. App. 3d 17, 21, 414 N.E.2d 865.) If, however, conflicting inferences may be drawn from the same facts, summary judgment should not be granted. (*Ainsworth Corp. v. Cenco, Inc.* (1982), 107 Ill. App. 3d 435, 438-39, 437 N.E.2d 817.) The plaintiff has the burden of responding to the defendant's summary judgment motion by bringing forth facts which raise an alternative inference. (*Gordon v. Oak Park School District* (1974), 24 Ill. App. 3d 131, 320 N.E.2d 389.) A trial court's grant of summary judgment will not be reversed absent a showing of abuse of its discretion such that plaintiff's right to fundamental justice is violated. *Fearon v. Mobil Joliet Refining Corp.* (1984), 131 Ill. App. 3d 1, 5, 475 N.E.2d 549.

■ We conclude that the trial court did not abuse its discretion in finding that no material facts remained in issue and by granting defendant's motion for summary judgment. Plaintiff argues that her injury was outside the scope of injuries contemplated by the parties of the exculpatory agreement. She asserts that the intention of the contracting parties remains at issue. Specifically, plaintiff raised two

factual questions which she claims defeat summary judgment: (1) whether she intended to assume the risk that defendants were not experts in their field, and (2) whether she intended to assume the risk that the equipment might be defective. Plaintiff has failed to provide any support in response to defendant's motion for the propositions that defendants were not, in fact, experts and that the equipment was defective. Plaintiff's complaint did not allege that the equipment was defective. Therefore, no genuine issue of fact exists. If such facts were not presented summary judgment was properly entered. See *Gordon v. Oak Park School District* (1974), 24 Ill. App. 3d 131, 135, 320 N.E.2d 389.

Plaintiff relies solely upon *Larsen v. Vic Tanny International* (1984), 130 Ill. App. 3d 574, 474 N.E.2d 729. In *Larsen*, the court held that exposure to noxious fumes which injured plaintiff's respiratory system was not a foreseeable risk related to the use of a health club. Therefore, the injury was not within the scope of the exculpatory clause. The rationale was that a plaintiff who expressly consents to relieve a defendant of an obligation of conduct toward her assumes the risk of injury as a result of defendant's failure to adhere to this obligation. The individual must reasonably contemplate the range of possible dangers to which she subjects herself, thus enabling her to minimize the risk by employing a great degree of caution. 130 Ill. App. 3d 574, 578, 474 N.E.2d 729.

In the instant case, plaintiff could reasonably contemplate that she assumed the risk of injury resulting from use of the machines provided by defendant. Where an exculpatory clause specifically sets forth in clear language the range of activities to which it applies, the clause is enforceable. (*Poskozim v. Monnacep* (1985), 131 Ill. App. 3d 446, 448, 475 N.E.2d 1042.) The provision in this case is not ambiguous:

> "Patron specifically assumes all risks of injury while using any equipment or facilities at the salon and waives any and all claims against Gloria Marshall Management Company and owners and employees of the salon for any such injury."

The provision explicitly mentions "injury while using any equipment" and waiving claims against defendant for "any such injury." A specific reference to the defendant's negligence is not required. (*Berwind Corp. v. Litton Industries, Inc.* (7th Cir. 1976), 532 F.2d 1, 4.) While inhaling noxious fumes is a risk not reasonably contemplated while frequenting a health club (*Larsen v. Vic Tanny International* (1984), 130 Ill. App. 3d 574, 474 N.E.2d 729), the trial court here could reasonably consider an injury was contemplated in the

language of the release from the use of defendant's exercise machines.

Our recent decision, *Randle v. Hinckley Parachute Center* (1986), 141 Ill. App. 3d 660, 663, 490 N.E.2d 1041, is consistent with this holding. The court in *Randle* also distinguished the decision in *Larsen*. In *Larsen*, the injury complained of was of a completely different nature than that reasonably contemplated as arising from participating in activities of defendant's enterprise. Unlike *Larsen*, the court in *Randle* held that breaking one's ankle upon landing after skydiving was exactly the sort of danger the exculpatory agreement was intended to cover. Similarly, in this case, plaintiff assumed the risk that, due to an employee's negligence and whether or not the employee was an expert, she may be injured by using a machine. As a result, plaintiff could have reasonably altered her conduct, for example, by stopping the exercise immediately after experiencing the excruciating pain or by consulting an employee of defendant immediately regarding the possibility of improper usage.

Exculpatory clauses designed to relieve a party from his own or his employee's negligence or liability for damages are generally valid and enforceable unless:

> "(1) [I]t would be against the settled public policy of the State to do so, or (2) there is something in the social relationship of the parties militating against upholding the agreement." (*Jackson v. First National Bank* (1953), 415 Ill. 453, 460, 114 N.E.2d 721, quoted in *Radloff v. Village of West Dundee* (1986), 140 Ill. App. 3d 338, 339-40, 489 N.E.2d 356.)

Plaintiff does not allege that any of the above exceptions apply.

For the foregoing reasons the trial court's order granting defendant's motion for summary judgment is affirmed.

Affirmed.

NASH, P.J., and UNVERZAGT, J., concur.