GINA MARIE CALARCO, Plaintiff-Appellant, v. YMCA OF GREATER METROPOLITAN CHICAGO *et al.*, Defendants-Appellees.

Second District   No. 85—0991

Opinion filed November 18, 1986.—Rehearing denied December 30, 1986.

Zachary M. Bravos, of Bravos & Trapp, Ltd., of Wheaton, for appellant.

Thomas H. Fegan, Thomas J. Andrews, and Timothy James McKay, all of Johnson, Cusack & Bell, Ltd., of Chicago, for appellees.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Gina Marie Calarco, brought suit against defendant, YMCA of Greater Metropolitan Chicago (YMCA), and later filed an amended complaint adding as a defendant Universal Gym Equipment, Inc., not a party to this appeal. Plaintiff alleged that she was injured when weights on a "Universal Centurion 1020 Variable" gym machine fell on her hand in the weight room at the Buehler YMCA, one of the facilities operated by the YMCA, and sought recovery for her injury. Plaintiff appeals from the granting of the YMCA's motion for summary judgment based on an exculpatory clause included on the YMCA's application for membership and signed by plaintiff.

The single issue on appeal is whether the trial court properly granted the YMCA's motion for summary judgment based on the ex-

culpatory clause. Plaintiff contends that the clause is too vague and uncertain to bar her suit against the YMCA.

Plaintiff's complaint alleged that plaintiff was injured when metal weights fell on her hand, causing broken bones and injuring her permanently. She alleged that the YMCA was negligent in failing to adequately inspect and maintain the "Universal Centurion 1020 Variable" gym machine, in failing to repair the machine, and in failing to warn or notify plaintiff that the machine was in a state of disrepair and unsuitable for use. Plaintiff later added Universal Gym Equipment, Inc., manufacturer of the machine, as a defendant, alleging negligence in the design and construction of the weight machine.

The YMCA filed a motion for summary judgment contending that an application for membership, signed by plaintiff, contained a valid exculpatory clause whereby plaintiff waived any rights or claims for damages she may have against the YMCA. The signed membership form was attached to the motion and stated:

"In consideration of my participation in the activities of the Young Men's Christian Association of Metropolitan Chicago, I do hereby agree to hold free from any and all liability the YMCA of Metropolitan Chicago and its respective officers, employees and members and do hereby for myself, my heirs, executors and administrators, waive, release and forever discharge any and all rights and claims for damages which I may have or which may hereafter accrue to me arising out of or connected with my participation in any of the activities of the YMCA of Metropolitan Chicago.

I hereby do declare myself to be physically sound, having medical approval to participate in the activities of the YMCA."

A deposition of plaintiff was also filed by the YMCA. Plaintiff stated, in pertinent part, that she was familiar with the rules and regulations contained on the membership form. She stated that, on the day of the incident, Connie Tucker was having trouble with the leg-press portion of the universal machine and she volunteered to help her, as she had previously worked at a Nautilus facility and was familiar with the machine. Plaintiff stated that she was attempting to remove the pin to adjust the weights on the machine when approximately five weights, which were apparently stuck on top, fell on her hand, causing fractures in two of her fingers. The court granted YMCA's motion for summary judgment, and this appeal followed.

■ The courts of Illinois have long held that, under appropriate circumstances, a person may by contract avoid liability for his or her negligence. (*Jackson v. First National Bank* (1953), 415 Ill. 453, 461,

114 N.E.2d 721; *Larsen v. Vic Tanny International* (1984), 130 Ill. App. 3d 574, 576, 474 N.E.2d 729.) Such an agreement will be enforced unless there exists a substantial disparity in the parties' bargaining position, unless the agreement is violative of public policy, or unless there is something in the social relationship of the parties militating against upholding the agreement. *Schlessman v. Henson* (1980), 83 Ill. 2d 82, 86-87, 413 N.E.2d 1252.

Plaintiff contends, however, that such an agreement can absolve a party of the consequences of its own negligence only if that intent is expressed in clear, explicit, and unequivocal language, citing *Poskozim v. Monnacep* (1985), 131 Ill. App. 3d 446, 449, 475 N.E.2d 1042. Plaintiff argues that the clause here is vague and uncertain, does not clearly indicate that YMCA members are giving up their right to claim damages for negligence for the failure to inspect, maintain, or repair equipment provided by the YMCA, and, when read with the declaration immediately following it, shows an intent to release the YMCA only from liability sustained because a member is physically unfit to undergo a chosen activity or becomes injured while participating in activities as a result of the member's bodily weakness. She contends that the clause, therefore, does not bar her action against the YMCA.

In response, the YMCA argues that Illinois courts have repeatedly upheld the validity and enforceability of similar clauses and cites two cases where an exculpatory clause was held to relieve similar facilities from liability for claims of negligence. In the two cases cited, however, the language contained in the exculpatory clauses was significantly more explicit than the clause in issue here. In *Owen v. Vic Tanny's Enterprises* (1964), 48 Ill. App. 2d 344, 345-46, 199 N.E.2d 280, the clause stated:

> "Member, in attending said gymnasiums and using the facilities and equipment therein, does so at his own risk. Tanny shall not be liable for any damages arising from personal injuries sustained by Member in, on or about the premises of any of the said gymnasiums. Member assumes full responsibility for any injuries or damages which may occur to Member in, on or about the premises of said gymnasiums and he does hereby fully and forever release and discharge Tanny and all associated gymnasiums, their owners, employees and agents from any and all claims, demands, damages, rights of action, or causes of action, present or future, whether the same be known, anticipated or unanticipated, resulting from or arising out of the Member's use or intended use of the said gymnasium or the fa-

cilities and equipment thereof."

The clause upheld in *Kubisen v. Chicago Health Clubs* (1979), 69 Ill. App. 3d 463, 464, 388 N.E.2d 44, was as follows:

"H. By the use of the facilities of CHC [defendant] and/or by the attendance at any of the gymnasiums owned by CHC, the Member expressly agrees that CHC shall not be liable for any damages arising from personal injuries sustained by the Member or his guest in, on or about the premises of the said gymnasiums or as a result of their using the facilities and the equipment therein. By the execution of this agreement Member assumes full responsibility of any such injuries or damages which may occur to the Member or guest in, on or about the premises of the said gymnasiums and further agrees that CHC shall not be liable for any loss or theft of personal property. Member assumes full responsibility for any injuries, damages or losses which may occur to Member or guest, in, on or about the premises of said gymnasiums and does hereby fully and forever release and discharge CHC and all associated gymnasiums, their owners, employees and agents from any and all claims, demands, damages, rights of action, or causes of action, present or future, whether the same be known or unknown, anticipated or unanticipated, resulting from or arising out of the Member's or his guests [*sic*] use or intended use of the said gymnasium or the facilities and equipment thereof."

Both clauses, while not specifically using the term "negligence," first explicitly state that the gymnasium or health club is not liable for any damages from personal injuries on or about the premises. They then go on to state that the gymnasium is relieved from liability for all damages, anticipated or unanticipated, resulting from or arising out of the member's use or intended use of the said gymnasium or the facilities and equipment thereof. Both clauses "[express] as clearly as language can the intention of the parties to completely insulate the defendant from liability for injuries sustained by plaintiff by reason of defendant's own negligence." *Owen v. Vic Tanny's Enterprises* (1964), 48 Ill. App. 2d 344, 347, 199 N.E.2d 280.

Also illustrative of the type of clear and unambiguous exculpatory clause which will be enforced is a clause ruled on in our recent decision in *Neumann v. Gloria Marshall Figure Salon* (1986), 149 Ill. App. 3d 824, 825, which provided that:

"Patron specifically assumes all risks of injury while using any equipment or facilities at the salon and waives any and all claims against Gloria Marshall Management Company and the

owners and employees of the salon for any such injury."

In *Neumann* the plaintiff injured her back while using one of defendant's exercise machines. As the exculpatory clause expressly covered all risks of injury "while using any equipment or facilities at the salon," the provision was found not to be ambiguous and was enforceable.

In *Schlessman v. Henson* (1980), 83 Ill. 2d 82, 84-85, 413 N.E.2d 1252, 1253, an exculpatory agreement stated:

"IN CONSIDERATION of being permitted to enter for any purpose the RESTRICTED AREA *** the Undersigned ***

1. HEREBY RELEASES, WAIVES, DISCHARGES AND COVENANTS NOT TO SUE the Promoter, Participants, Racing Association, Track Operator, Track Owner, Landowner, and each of them, their officers, and employees, all for purposes herein referred to as RELEASEES, from all liability to the Undersigned, his personal representatives, assigns, heirs and next of kin for all loss or damage, and any claim or demands therefor, on account of injury to the person or property or resulting in death of the Undersigned, whether caused by the negligence of Releasees or otherwise while the Undersigned is upon the Restricted Area ***."

This agreement was held valid to exculpate the defendant from liability over the plaintiff's objection that the collapse of a track embankment culminating in his crash was completely outside the scope of his expectations and the sweeping language of the release. (83 Ill. 2d 82, 86, 413 N.E.2d 1252.) The supreme court stated that the fact that the parties may not have contemplated the precise occurrence which resulted in plaintiff's accident did not render the exculpatory clause inoperable. 83 Ill. 2d 82, 86, 413 N.E.2d 1252.

In *Larsen v. Vic Tanny International* (1984), 130 Ill. App. 3d 574, 474 N.E.2d 729, an exculpatory clause essentially identical to the clause in *Owen* was held insufficient to release the defendant health club, as a matter of law, from liability for plaintiff's injuries which resulted from inhaling gaseous vapors. The court stated that the defendant's act of mixing chemical compounds in a manner which produced an explosion of harmful vapors was not reasonably within the contemplation of the parties and was, therefore, not conclusively within the scope of the intended exculpation of liability. 130 Ill. App. 3d 574, 577-78, 474 N.E.2d 729.

In Illinois, exculpatory agreements are not favored by the law (*Poskozim v. Monnacep* (1985), 131 Ill. App. 3d 446, 449, 475 N.E.2d 1042) and are strictly construed against the party they benefit

(*J. B. Stein & Co. v. Sandberg* (1981), 95 Ill. App. 3d 19, 22, 419 N.E.2d 652). While a specific reference to the maker's "negligence" or its cognates is not required (*Larsen v. Vic Tanny International* (1984), 130 Ill. App. 3d 574, 576, 474 N.E.2d 729), an agreement protecting one from the consequences of his own negligence must be expressed in clear, explicit, and unequivocal language showing that such was the intent of the parties (*Poskozim v. Monnacep* (1985), 131 Ill. App. 3d 446, 449, 475 N.E.2d 1042; see 57 Am. Jur. 2d *Negligence* sec. 31 (1971)). As stated in comment *d* to section 496B of the Restatement of Torts (Second), in recognizing the validity of express assumptions of risk:

> "In order for the agreement to assume the risk to be effective, it must also appear that its terms were intended by both parties to apply to the particular conduct of the defendant which has caused the harm. Again, where the agreement is drawn by the defendant and the plaintiff passively accepts it, its terms will ordinarily be construed strictly against the defendant." Restatement (Second) of Torts, Explanatory Notes sec. 496B, comment *d*, at 566 (1965).

■ In this case, the language on the membership form is not explicit enough to relieve the YMCA from liability for negligence arising from the use of the equipment at the YMCA. The form does not contain a clear and adequate description of covered activities, such as "use of the said gymnasium or the facilities and equipment thereof," to clearly indicate that injuries resulting from negligence in maintaining the facilities or equipment would be covered by the release. "Participation in any of the activities of the YMCA" could be read to mean that the exculpatory clause from liability only pertains to participating in the activities at the YMCA but not to liability from use of the equipment at the YMCA. Pertinent to this case, plaintiff, at the time of the occurrence, was not even using the equipment herself but was assisting someone else who was using a universal machine which was apparently stuck. It is unclear whether this was "participation" in an "activity" under the meaning of the clause.

Further, immediately following the clause is the statement, "I hereby declare myself to be physically sound, having medical approval to participate in the activities of the YMCA." Reading the two provisions together, it becomes unclear whether the clause is intended to release the YMCA from injuries which result only from a member's own physical ailments or condition while participating in activities at the YMCA. The agreement must be given a fair and reasonable interpretation based upon a consideration of all of its language and provi-

sions. (*Zadak v. Cannon* (1974), 59 Ill. 2d 118, 121, 319 N.E.2d 469; *Tatar v. Maxon Construction Co.* (1973), 54 Ill. 2d 64, 67, 294 N.E.2d 272.) A determination of the scope of a release from liability is to be made upon consideration of the instrument as a whole. *Stein v. Yarnall-Todd Chevrolet, Inc.* (1968), 41 Ill. 2d 32, 35, 241 N.E.2d 439; *Cerny-Pickas & Co. v. C. R. Jahn Co.* (1955), 7 Ill. 2d 393, 396, 131 N.E.2d 100.

■■ Strictly construed, the language of the clause here is not sufficiently clear, explicit, and unequivocal to show an intention to protect the YMCA from liability arising from the use of its equipment under the circumstances present here. Other jurisdictions have reached similar results when construing broad language in an exculpatory clause. General language is not sufficient to indicate an intention to absolve a party from liability for negligence. (See *Geise v. County of Niagara* (1983), 117 Misc. 2d 470, 458 N.Y.S.2d 162 (plaintiff never explicitly informed that he was accepting, as part of the danger inherent in activity of tobogganing, the enhanced risks resulting from defendant's negligence in operating or maintaining its facility); *Gross v. Sweet* (1979), 49 N.Y.2d 102, 400 N.E.2d 306, 424 N.Y.S.2d 365 (language releasing defendant from liability for injuries "that I may sustain or which may arise out of my learning, practicing or actually jumping from an aircraft" not sufficient to release claim for negligence); *Beardslee v. Blomberg* (1979), 70 A.D.2d 732, 416 N.Y.S.2d 855 (release general in its terms will not bar claims outside the parties' contemplation at the time it was executed); *Hertzog v. Harrison Island Shores, Inc.* (1964), 21 A.D.2d 859, 251 N.Y.S.2d 164 (language releasing defendant from liability for injuries "while a member of said club" not sufficient).) Other decisions have stated that a limit on liability for negligence will not be inferred unless such intention is clearly expressed (*O'Connell v. Walt Disney World Co.* (Fla. App. 1982), 413 So. 2d 444, 446), and that the language of an agreement must clearly notify the prospective releasor of the effect of signing the agreement (*Ferrell v. Southern Nevada Off-Road Enthusiasts, Ltd.* (1983), 147 Cal. App. 3d 309, 318, 195 Cal. Rptr. 90, 95).

For the foregoing reasons, the judgment of the circuit court of Du Page County granting summary judgment for the YMCA is reversed and the cause remanded for further proceedings.

Reversed and remanded.

WOODWARD and LINDBERG, JJ., concur.