[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Louis Claveloux, has brought suit for injuries he sustained while playing in a racquetball tournament at the defendants' club. Prior to the tournament the plaintiff completed an application, which at its end, contained the following language:
 I, hereby, for myself and my agents waive and release any and all rights/claims for damages I may have against the DRC and their employees, and all tournament sponsors and any of their agents for any and all injuries which may be suffered in connection with participation in the tournament.
The defendants have asserted in their special defense (a proposed amendment has no effect for purposes of this motion) that the plaintiff entered into an exculpatory agreement in which he agreed to give up any claims against the defendants. The plaintiff has denied the allegations of this special defense.
The Connecticut Supreme Court has not yet ruled upon whether or not a waiver of negligence claims, by an adult participant in an athletic event, can be enforced. A lower Connecticut court has held an agreement which exempted a Boy Scout camp from liability was void as against public policy. Fedor v. Manwehu Council, Boy Scouts of America, 21 Conn. Sup. 38, 143 A.2d 466
(1958). Many jurisdictions have considered the issue, with varying results.
The general rule, in those jurisdictions which bar recovery, is that so long as a patron is properly notified, an agreement exempting the operator or proprietor from liability for ordinary negligence, resulting in personal injury or death, may be valid and enforceable against the patron. Palmquist v. Mercer,43 Cal.2d 92, 272 P.2d 26 (1954); Owen v. Vic Tanny's Enterprises,48 Ill. App.2d 344, 199 N.E.2d 280 (1964); O'Brien v. Freeman,299 Mass. 20, 11 N.E.2d 582 (1937); Domarest v. Palisades Realty CT Page 6217 Amusement Co., 101 N.J.L. 66, 127 A. 536 (1925); Ciafolo v. Vic Tanny's Gyms, Inc., 10 N.Y.2d 294, 220 N.Y.S.2d 962,177 N.E.2d 925 (1961); Moss v. Fortune, 207 Tenn. 426, 340 S.W.2d 902
(1960); Brodersen v. Rainier Nat. Co., 187 Wash. 399, 60 P.2d 234
(1936); Orbac v. Reading Fair Co. 521 F. Sup. 1351 (West. District Pa.) (1981). But, these contracts are closely scrutinized, and strictly construed against the proprietor. (see) Feder, Owen, Ciafolo, supra. For example, some courts have construed agreements which do not specifically exempt liability for negligence as ineffective to preclude recovery for negligently inflicted injuries. Bernstein v. Seacliff Beach Club, Inc.,228 N.Y.S.2d 567 (1962); Hertzog v. Harrison Island Shores, Inc., 251 N.Y.S.2d 164 (1964).
In addition, some courts hold that releases which inform an individual that he is accepting dangers inherent in the activity are inoperative against risks resulting from the defendant's negligence in operating or maintaining its facility. Geise v. County of Niagara, 117 Misc.2d 470, 458 N.Y.S.2d 162 (1983); Baker v. Seattle, 79 Wash.2d 198, 484 P.2d 405 (___). A release might not be effective against the failure of an operator to provide reasonably safe facilities. Scott By And Through Scott v. Pacific West Mountain Resort, 834 P.2d 6, 119 Wash.2d 484
(1992).
In the instant case the plaintiff in Count I has alleged that the premises were defective, and in Count II, that the defendants were negligent. Factual questions regarding the scope of release, the intent of the parties, and the adequacy of the notice as to certain dangers have been raised by the plaintiff's affidavit. While it is true that exculpatory agreements can be valid, their validity depends on proper notification to the patron or participant. Whether adequate and proper notice of the rights released has been given is a question for a jury. Palmquist v. Mercer, 43 Cal.2d 92, 272 P.2d 26 (1953); Moore v. Edmonds, 316 Ill. App. 453, 45 N.E.2d 190 (1942); O'Brien v. Freeman, 299 Mass. 20, 11 N.E.2d 582 (1937); Putzer v. Vic Tanny-Flatbush, Inc., 20 App.Div.2d 821, 248 N.Y.S.2d 836
(1964).
While no question of fraud or deceit has been raised here, the issues regarding the scope of any waiver raised by the plaintiff's affidavit must be determined by a jury.
Therefore, the motion for summary judgment is denied. CT Page 6218
BY THE COURT:
GORDON, ELAINE, JUDGE.