DAVID R. MASCIOLA, Plaintiff-Appellant, v. CHICAGO METROPOLITAN SKI COUNCIL, Defendant-Appellee.

First District (3rd Division)    No. 1—91—3909

Opinion filed December 29, 1993.

John Thomas Moran, Jr., of Chicago, for appellant.

Pretzel & Stouffer, Chartered, of Chicago (Edward H. Nielsen, Robert Marc Chemers, and Ann S. Johnson, of counsel), for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, David R. Masciola, filed a complaint against defendant, the Chicago Metropolitan Ski Council (Ski Council) and others. Plaintiff sought damages for personal injuries allegedly sustained by him while he was participating in a ski race sponsored by defendant. Counts I and II of the complaint alleged negligence and willful and wanton conduct, respectively. The trial court dismissed count II of the complaint and granted summary judgment to defendant on count I. Plaintiff appeals the trial court's award of summary judgment. We affirm.

Plaintiff alleges that the trial court's grant of summary judgment was erroneous (1) with respect to both counts of the complaint, on the basis of its finding that an exculpatory clause was enforceable and barred the complaint, because the unsafe conditions of the racecourse exceeded the scope of the contemplated risks encompassed by the exculpatory clause which demonstrates that the parties were acting under a mutual mistake of material fact as to the safety of the racecourse; and (2) with respect to count II of the complaint because exculpatory clauses are void and against public policy when applied to willful and wanton conduct.

On December 21, 1985, plaintiff participated in a ski race sponsored by defendant at the ski resort of Indianhead Mountain in Wakefield, Gogebic County, Michigan. As a sponsor of the race, defendant required each participant to sign a "waiver of liability" prior to participating in the race. Plaintiff signed the waiver. The waiver form provided as follows:

"The undersigned hereby acknowledges that ski racing is a dangerous sport which can lead to serious injury, or even death. The undersigned hereby understands and agrees to personally assume any and all of the liability and risks of alpine racing.

Further, the undersigned hereby agrees to hold harmless the CHICAGO METROPOLITAN SKI COUNCIL, its officers and the Senior Alpine Racing Committee from any responsibility or liability for any and all personal injuries or death which may occur during the 1985-86 CMSC Racing Series."

On March 16, 1988, plaintiff filed a 10-count complaint against Ski Council and other defendants who are no longer a part of this action, for damages for personal injuries sustained while participating in the ski race sponsored by defendant. Plaintiff alleged that his injuries are the result of a fall from a compression area in the ski racecourse which caused him to be thrown into the poles marking the finish line. Counts I and II of the complaint alleged negligence and willful and wanton conduct, respectively, on the part of defendant.

Defendant filed a motion to dismiss count II of plaintiff's complaint on the basis that he failed to comply with section 2—604.1 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—604.1). On May 19, 1988, the court entered an order granting defendant's motion to dismiss count II without prejudice. Count II was dismissed on the ground that willful and wanton misconduct constitutes negligence for purposes of claiming punitive damages and a hearing was necessary under section 2—604.1 and, absent a hearing, dismissal was required.

Defendant then filed a motion for summary judgment with respect to count I. Plaintiff in his complaint alleged that defendant owed him a duty of reasonable care in supervising, inspecting, setting up and maintaining the racecourse and its attendant markers, gates and poles. In its motion, defendant argued, and the trial court agreed, that the release form signed by plaintiff barred plaintiff's action. The motion was granted pursuant to an order entered on April 25, 1991. Plaintiff now appeals the grant of summary judgment.

First, plaintiff contends that the trial court's grant of summary judgment was erroneous (1) with respect to both counts of the complaint against defendant on the basis of its finding that an exculpatory clause was enforceable and therefore barred the complaint, because the unsafe conditions of the racecourse exceeded the scope of the contemplated risks encompassed by the exculpatory clause which demonstrates that the parties were acting under a mutual mistake of material fact as to the implicit material term of their agreement, which was that the racecourse was presumptively safe; and (2) that the judgment was erroneous with respect to count II of the complaint alleging willful and wanton misconduct on the part of defendant because exculpatory clauses are void and against public policy when applied to willful and wanton conduct.

In addition to arguing that the trial court erred in granting defendant summary judgment as to count I of the complaint, plaintiff now argues for the first time that the grant of summary judgment as to count II of his complaint was improper in that it alleged willful and wanton misconduct. The record shows that pursuant to an order entered on May 19, 1988, count II of plaintiff's complaint alleging willful and wanton misconduct was dismissed for failure to comply with section 2—604.1 of the Code.

■ Section 2—604.1 of the Code provides that no complaint based upon bodily injury shall contain a prayer for punitive damages. The section further provides that a plaintiff may move for a pretrial hearing thereby seeking leave to amend the complaint to include a prayer for punitive damages within 30 days after the close of discovery. Ill. Rev. Stat. 1987, ch. 110, par. 2—604.1.

■ In the present case, the order dismissing count II of plaintiff's complaint was without prejudice; therefore, plaintiff could have sought leave to amend the complaint to include the prayer for punitive damages. Plaintiff, however, failed to do so. At no point during the trial court proceeding did plaintiff argue that a grant of summary judgment would be improper in light of the complaint alleging willful and wanton misconduct.

Furthermore, in support of his allegation that the trial court's grant of summary judgment was erroneous with respect to count II, plaintiff now asks us to review the deposition testimony of himself and Ardwell Kidwell as well as the international ski competition rules. Each of these deposition transcripts is attached to plaintiff's motion for reconsideration of the summary judgment order, but neither of the transcripts was before the trial court when it initially ruled on the summary judgment. At the hearing on the motion for reconsideration of summary judgment, the trial court refused to consider these items on the basis that they were not properly before the court.

The scope of an appellate court's review of a grant of summary judgment is limited to the matters considered by the trial court in ruling on the motion for summary judgment. (*Certified Mechanical Contractors, Inc. v. Wight & Co.* (1987), 162 Ill. App. 3d 391, 397, 515 N.E.2d 1047, 1051.) Upon review of a summary judgment ruling, an appellate court may only refer to the record as it existed at the time the trial court ruled, outline the arguments made at that time and explain why the trial court erred in granting summary judgment. *Rayner Covering Systems, Inc. v. Danvers Farmers Elevator Co.* (1992), 226 Ill. App. 3d 507, 509-10, 589 N.E.2d 1034, 1036.

In the present case, the allegations in count II were not before the trial court at the time of its ruling upon defendant's motion for summary judgment because count II had been dismissed and thus they may not be considered by this court.

We will, however, address plaintiff's allegation that the trial court's grant of summary judgment was erroneous with respect to count I of the complaint. Plaintiff argues that the exculpatory clause was not enforceable because the existence of compression bumps at the end of a racecourse and the use of telephone poles as a finish line marker are not within the scope of possible dangers accompanying an alpine ski race. Plaintiff further contends that defendant was not entitled to summary judgment because the parties were acting under a mutual mistake of material fact as to whether the racecourse was "safe" because the definition of "safe" arguably did not include compression bumps on the course and telephone poles as finish line markers.

■ Although exculpatory agreements are not favored and will be strictly construed against the benefitting party (*Scott & Fetzer Co. v. Montgomery Ward & Co.* (1986), 112 Ill. 2d 378, 395, 493 N.E.2d 1022, 1029), parties may allocate the risk of negligence as they see fit and exculpatory clauses are not violative of public policy as a matter of law. *Reuben H. Donnelley Corp. v. Krasny Supply Co.* (1991), 227 Ill. App. 3d 414, 419, 592 N.E.2d 8, 11.

Under certain circumstances, exculpatory clauses may bar a plaintiff's negligence claim. (*Harris v. Walker* (1988), 119 Ill. 2d 542, 548, 519 N.E.2d 917, 919.) Exculpatory clauses will be upheld in the absence of fraud; willful and wanton conduct; legislation to the contrary; where the exculpatory clause is not contrary to the settled public policy of this State; where there is no substantial disparity in the bargaining position of the parties; and where there is nothing in the social relationship of the parties which militates against upholding the agreement. *Harris*, 119 Ill. 2d at 548, 519 N.E.2d at 919; *Reuben H. Donnelley Corp.*, 227 Ill. App. 3d at 419, 592 N.E.2d at 11; *Garrison v. Combined Fitness Centre, Ltd.* (1990), 201 Ill. App. 3d 581, 584, 559 N.E.2d 187, 189-90.

Absent any of the above factors, the question of whether or not an exculpatory clause will be enforced depends upon whether or not defendant's conduct and the risk of injury inherent in said conduct was of a type intended by the parties to fall within the scope of the clause. (See *Larsen v. Vic Tanny International* (1984), 130 Ill. App. 3d 574, 577, 474 N.E.2d 729, 731; see also *Simpson v. Byron Dragway, Inc.* (1991), 210 Ill. App. 3d 639, 647, 569 N.E.2d 579, 584.) The precise occurrence which results in injury need not have been contemplated by the parties at the time the agreement was entered into. *Garrison*, 201 Ill. App. 3d at 585, 559 N.E.2d at 190.

■ In the present case, plaintiff's injury is a type that was intended to fall in the scope of the exculpatory clause thereby entitling defendant to summary judgment. The exculpatory provision provides as follows:

> "The undersigned hereby acknowledges that *ski racing* is a *dangerous* sport which can lead to *serious injury*, or even *death*. *The undersigned hereby understands and agrees to personally assume any and all* of the liability and *risks* of alpine racing.
>
> Further, the undersigned hereby agrees to *hold harmless [defendants]* \*\*\* *from* any responsibility or *liability for any* and *all personal injuries* or *death which* may *occur during* the 1985-86 CMSC Racing Series." (Emphasis added.)

While the parties may not have contemplated that plaintiff would be injured by skiing over a compression area in the ski racecourse, they

could and did contemplate a broad range of accidents which occur during skiing, including problems with the surface of the ski racecourse.

The present case is analogous to *Schlessman v. Henson* (1980), 83 Ill. 2d 82, 86, 413 N.E.2d 1252, 1254, wherein this court held that a problem with an automobile racetrack surface was the type of risk which the exculpatory agreement was intended to cover. Although the parties may not have contemplated that a section of the racetrack would collapse during the race, they did contemplate a "broad range of accidents which occur in auto racing." 83 Ill. 2d at 86. See also *Garrison v. Combined Fitness Centre, Ltd.* (1990), 201 Ill. App. 3d 581, 585, 559 N.E.2d 187, 190 (exculpatory clause contained in health club membership agreement relieved club from liability for injury caused by allegedly defective equipment, where clause stated that each member bore the "sole risk" of injury that might result from use of weights, equipment or other apparatus provided); *Neumann v. Gloria Marshall Figure Salon* (1986), 149 Ill. App. 3d 824, 827, 500 N.E.2d 1011, 1014 (exculpatory clause which expressly covered all risks of injury "while using any equipment" at the salon was enforceable because an injury to plaintiff resulting from the use of the machines was encompassed in the release).

Cases in which this court has found an exculpatory clause to be insufficient to release a defendant from liability for personal injuries to plaintiff are distinguishable from the present case. One line of cases wherein an exculpatory clause has been found ineffective has involved injuries or fatalities which clearly do not ordinarily accompany the activity which is the subject of the release. (See *Simpson v. Byron Dragway, Inc.* (1991), 210 Ill. App. 3d 639, 649-50, 569 N.E.2d 579, 585-86 (a question of fact existed as to whether or not striking a deer while operating a race car on a drag strip was the type of risk which ordinarily accompanies the sport of racing); *Larsen v. Vic Tanny International* (1984), 130 Ill. App. 3d 574, 578, 474 N.E.2d 729, 732 (exposure to noxious fumes which injured plaintiff's respiratory system was not a foreseeable risk related to the use of a health club).) In the present case, however, the injuries to plaintiff resulting from a fall from a compression area in the ski course were risks inherent in ski racing and as such fall within the scope of the exculpatory clause.

Another line of cases has held that the language of an exculpatory clause did not shield a defendant from liability has held that the language of the exculpatory clause was ambiguous with respect to which activities were covered. (See *Macek v. Schooner's, Inc.* (1991), 224 Ill. App. 3d 103, 106, 586 N.E.2d 442, 444-45 (genuine

issue of material fact precluded summary judgment for sponsors of arm wrestling contest in personal injury action brought against it by a participant who was injured in the contest, and existed as to whether the intent of the clause was to release the promoter of liability when injury resulted from the participant's physical condition or when injury resulted from the promoter's negligence); *Calarco v. YMCA* (1986), 149 Ill. App. 3d 1037, 1043, 501 N.E.2d 268, 272 (statement that "[p]articipation in any of the activities of the YMCA" was ambiguous in that it could be read to mean that the exculpatory clause only pertained to participating in activities at the YMCA but not to liability from the use of equipment at the YMCA).) The language of the exculpatory clause at issue in the present case is explicit and unambiguous and is thus sufficient as a matter of law to relieve defendant from liability.

Accordingly, the trial court's grant of summary judgment to defendant was proper as there was no genuine issue of material fact as to whether the exculpatory agreement encompassed plaintiff's injuries.

For the above reasons, we affirm the trial court's grant of summary judgment.

Affirmed.

TULLY, P.J., and CERDA, J., concur.