■ ALICE M. SIVASLIAN et al., Respondents, v ROBERT RAWLINS, Individually and Doing Business as ALBANY SKYDIVING CENTER, Appellants, et al., Defendant. — Appeal from that part of an order of the Supreme Court at Special Term (Pennock, J.), entered August 10, 1981 in Albany County, which granted plaintiffs' motion to strike defendant Rawlins' fourth and fifth affirmative defenses contained in his answer. Prior to her acceptance in a parachute jumping course conducted by defendants, plaintiff Alice Sivaslian was required to pay a $40 fee and to sign a purported release. In its first two paragraphs the release acknowledges plaintiff's awareness of the dangers and the risks inherent in such activities. In its third paragraph, it provides pertinently that plaintiff releases and holds harmless Albany Skydiving Center, its operators and instructors "of and from any and all manner of actions and causes of action * * * which [the plaintiff] may hereafter have by

reason of [her] participation in flying and parachute jumping activities". The fourth paragraph requires plaintiff to indemnify defendants against third-party actions. Since third-party actions are governed by the same principles applicable to primary liability (*Margolin v New York Life Ins. Co.,* 32 NY2d 149, 153), a determination in regard to defendants' primary liability would compel a like conclusion regarding their secondary liability. Special Term granted plaintiffs' motion to strike the fourth and fifth affirmative defenses contained in the answer of defendant Rawlins and the first affirmative defense and counterclaim contained in the answer of defendant Chudzicki. Only defendant Rawlins has appealed. The only issue urged by defendant Rawlins is whether the provisions of the so-called release in unmistakable language absolved these defendants from liability for their own negligent acts in regard to the personal injuries sustained by plaintiff on July 22, 1979 in a parachute landing at defendants' facility. To do so, it must appear plainly and precisely that the "limitation of liability extends to negligence or other fault of the party attempting to shed his ordinary responsibility" (*Howard v Handler Bros. & Winell,* 279 App Div 72, 76, affd 303 NY 990). This stringent standard requires not only "that the drafter of such an agreement [the defendants in this case] make its terms unambiguous, but it mandates that the terms be understandable as well" (*Gross v Sweet,* 49 NY2d 102, 107). While the word "negligence" does not have to be specifically used for the courts to give effect to an exculpatory agreement, the words conveying a similar import must appear (*id.* at p 108). Herein, the closest the contents come to the critical criteria is to "release and hold harmless" the defendants "of and from any and all manner of actions * * * by reason of [the plaintiff's] participation in flying and parachute jumping activities". While the release is broad in its coverage of all "actions", plaintiff was not informed that she was accepting, as part of the danger inherent in the activity, the risks occasioned by defendants' own fault, carelessness or negligence in their training methods or in furnishing proper equipment, and was exculpating defendants from their failure to use due care in the conduct of their course of instruction, as seemingly required by *Gross v Sweet (supra).* To fully appreciate what she was waiving by her signature, plaintiff would be required to possess legal skill sufficient to equate legal "actions" with the release of defendants from liability even for acts of their own negligence, fault or carelessness. Therefore, it must be concluded that the necessary clarity and precision regarding defendants' nonliability for claims based on their negligence is lacking (cf. *Ciofalo v Vic Tanney Gyms,* 10 NY2d 294). Accordingly, the determination of Special Term granting plaintiffs' motion to strike the fourth and fifth affirmative defenses of defendant's answer, which pleaded the release as a bar to all plaintiffs' causes of action, was proper and should be affirmed. Order affirmed, with costs. Mahoney, P. J., Sweeney, Casey, Yesawich, Jr., and Weiss, JJ., concur.