■ JOSEPH DIVIAK et al., Respondents, v HERBERT SCHULEFAND et al., Appellants. (Appeal No. 1.)

Since plaintiff's initial opposition to defendant Schulefand's motion was sufficient, we need not decide the issues raised in defendants' second appeal from an order which granted plaintiffs' motion to renew and adhered to its original decision. We must note, however, that we do not sanction a procedure in which a prevailing party is permitted to renew a motion upon which it has already prevailed, particularly where, as here, the motion to renew was made after defendants filed their notice of appeal from the original order denying their motion for summary judgment. Although Special Term apparently entertained plaintiffs' motion to renew on the basis that the motion had been "allowed" by the judicial administrative officer presiding at the preargument conference, we caution that the rules of this court do not so empower a judicial administrative officer (see, 22 NYCRR 1000.12).

Special Term erred in denying defendant Perillo's motion for summary judgment. This defendant cannot be negligent for delay in the diagnosis of the tumor since Mr. Diviak first discussed his neurological problems with defendant Perillo on November 20, 1978 and a week later defendant Perillo referred Mr. Diviak to a specialist. Moreover, plaintiff's complaint and bill of particulars fail to allege any negligence specifically against defendant Perillo and he may not be held vicariously liable for defendant Schulefand's negligence, if any, simply because the two defendants were coemployees (see, *Kavanaugh v Nussbaum,* 71 NY2d 535, 545-549; *Hill v St. Clare's Hosp.,* 67 NY2d 72, 79; *Connell v Hayden,* 83 AD2d 30, 49-59; *cf., Lanza v Parkeast Hosp.,* 102 AD2d 741). (Appeal from order of Supreme Court, Erie County, Cossell, J.—renew.) Present—Dillon, P. J., Denman, Green, Pine and Balio, JJ.