■ DONALD LONG et al., Respondents-Appellants, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 75517.)—Casey, J.

At a charity fund-raising event held outdoors at the Empire State Plaza in the City of Albany, sponsored by the State Office of General Services (hereinafter OGS) and the Albany Medical Center, participants were offered the opportunity to jump into an above-ground pool filled with gelatin to attempt to obtain prize coupons that were embedded therein, in exchange for a $5 donation. The pool was 15 feet in diameter and 4 feet high. Five thousand gallons of water and 7,000 pounds of gelatin were mixed together in the pool. Due to the lack of boiling water and refrigeration, the gelatin did not set or harden, but rather there remained a "pinky red" mixture approximately 2½ feet deep with the consistency of water. Since the mixture was covered with foam, it was impossible for a participant to see the bottom of the pool.

Claimant Donald Long (hereinafter claimant), aged 35 years, made his $5 donation to participate in the jump and received a hospital gown to protect his clothing. He was presented with a form, entitled "WAIVER AND RELEASE", which he claims he did not read, but he did sign and return it. When his turn came to jump, he ascended the ladder of the pool, a height of about four feet, and jumped 2 to 3 feet out from the platform at the top of the ladder, feet first into the pool. As a result, claimant fractured his left ankle and broke the little toe of his right foot.

Claimant, personally, and his wife, derivatively, brought the instant negligence action against the State. After filing its answer, the State moved for summary judgment dismissing the claim on the grounds that, *inter alia,* claimant had expressly assumed the risk of injury and had released the State from liability by signing the "WAIVER AND RELEASE" form. Claimants cross-moved to dismiss the State's second affirmative defense, insofar as it alleged express assumption of risk, and its fourth and fifth affirmative defenses relating to release and waiver.

The Court of Claims denied the State's motion for summary judgment and partially granted claimants' cross motion, ordering that the State's fourth and fifth affirmative defenses be stricken. Although the court agreed with claimants that an express assumption of risk was not viable as a defense, it permitted the State's second affirmative defense to stand because it also contained the defense of implied assumption of risk, which the court ruled, and claimants conceded, was applicable and appropriate.

After the State filed a notice of appeal from the order which denied its motion and partially granted claimants' cross motion, claimants moved to renew their cross motion for the purpose of submitting newly discovered evidence. The motion was denied and claimants appeal from the order of denial. The appeals will be considered together in this decision.

A critical question on the State's appeal is whether the "WAIVER AND RELEASE" form that claimant signed applies to the State and, if it does, whether it releases the State from liability for claimant's injuries. The form recites, *inter alia,* that:

"1. I understand that there may be risks of injury in connection with this event.

"2. I acknowledge that I am voluntarily assuming any and all risk. I understand that Albany Medical Center and Ed

Lewi Associates are not responsible for any injury which may occur.

"3. I release Albany Medical Center, its affiliated institutions, Ed Lewi Associates and their respective agents and employees from all liability for any claims arising out of my participation in the Royal Gelatin Jump."

The State is not specifically named in the "WAIVER AND RELEASE" form and has no connection with those who are named therein. Nor does the form provide explicitly that claims based on negligence are included. In these circumstances, we hold that, as a matter of law, the "WAIVER AND RELEASE" form is insufficient to release the State from liability for its own negligence *(see, Gross v Sweet,* 49 NY2d 102, 107; *Abramowitz v New York Univ. Dental Center,* 110 AD2d 343, 345). In view of this determination, we do not find it necessary to consider whether the State, although not named in the document, would be released by operation of law as a joint tort-feasor with the parties who are named (49 NY Jur, Release and Discharge, § 40, at 424).

The State further urges that the claim should have been dismissed in its entirety based on claimant's signing of the "WAIVER AND RELEASE" form in which he expressly assumed all risks attendant upon his participation in the event. Citing the case of *Arbegast v Board of Educ.* (65 NY2d 161, 170), the State claims that the express assumption of risk resulting from claimant signing the "WAIVER AND RELEASE" form (as distinguished from implied assumption of risk) is a complete defense to claimants' negligence suit, as it eliminates the State's duty to use reasonable care since "by express consent of the injured party no duty exists". In our view, the State's reliance on *Arbegast* is misplaced. In *Arbegast* the plaintiff's injury resulted from the very peril about which she had been warned, i.e., that "donkeys do buck and put their heads down causing people to fall off" *(supra,* at 163). The plaintiff in *Arbegast,* having full knowledge of the risk and having assumed it, excused the defendant from its duty of care *(supra,* at 171). In the instant case, the "WAIVER AND RELEASE" form makes no mention of the specific risks inherent in the jump *(cf., Gross v Sweet, supra,* at 109-110), but simply refers to "any and all risk" that is "in connection with this event". Certainly, claimant was not apprised of the risks involved in the situation that he was about to encounter, i.e., that he was about to jump from the top of a four-foot-high platform, not into congealed gelatin which might be assumed to cushion his fall but, rather, into a solution that was merely 2½ feet deep

with the consistency of water. Furthermore, claimant could not see the depth of the water because of the foam that had formed on the top. Having never been made aware of the risks involved in the activity, claimant cannot be considered to have assumed them *(see, Cole v New York Racing Assn.,* 24 AD2d 993, 994, *affd* 17 NY2d 761).

As this court has previously held: "Releases from liability for negligence are closely scrutinized and strictly construed, and a release general in its terms will not bar claims outside the parties' contemplation at the time it was executed" *(Beardslee v Blomberg,* 70 AD2d 732, 733). Therefore, inasmuch as the State was not released from liability for the risks involved in the activity by claimant's execution of the "WAIVER AND RELEASE" form and inasmuch as claimant did not expressly assume the risks involved in the activity, the Court of Claims properly dismissed the State's fourth and fifth affirmative defenses relating to the theories of release and waiver. Since the parties agreed that implied assumption of risk was a valid partial defense, the Court of Claims properly allowed the second affirmative defense to stand to that extent.

Claimants contend that General Obligations Law § 5-326 would render the "WAIVER AND RELEASE" form null and void in regard to the State because such agreements run counter to public policy. However, that statute, by its terms, is applicable only when the "operator" of a pool receives "a fee or other compensation for the use of such facilit[y]" (General Obligations Law § 5-326). It is undisputed here that the State, even if it could be considered an "operator" of the pool, received no "fee or other compensation". This contention of claimants is, therefore, meritless.

We also find meritless claimants' argument on their appeal that their motion to renew was improperly denied by the Court of Claims. This motion was made by claimants after the State's notice of appeal from the original order had been filed. As the Court of Claims held, renewal of a motion upon which a party has already prevailed should not be sanctioned, especially after a notice of appeal from the original order has been filed *(see, Diviak v Schulefand,* 140 AD2d 950, 951). Furthermore, the issue sought to be raised by claimants in their renewal motion is rendered academic by this court's decision on the State's appeal.

Order entered April 27, 1989 affirmed, without costs.

Appeal from order entered October 12, 1989 dismissed, as academic, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.