■ STEPHEN E. McCROREY, Appellant, v CITY OF BUFFALO, Respondent. [620 NYS2d 660] —Order reversed on the law without costs, motion denied and complaint reinstated. Memorandum: Plaintiff sustained serious injuries when he ran into a chain link fence during warm-up prior to a game of softball on a field owned by defendant. Supreme Court granted summary judgment dismissing the complaint based on plaintiff's assumption of the risk. That was error. By his expert's affidavit,

plaintiff raised questions of fact whether the construction of the field and the height and condition of the fence present risks that are inherent in the sport of softball and that plaintiff assumed *(see, Turcotte v Fell,* 68 NY2d 432, 443-444, discussing *Cole v New York Racing Assn.,* 24 AD2d 993, *affd* 17 NY2d 761; *Lamey v Foley,* 188 AD2d 157; *see also, Radwaner v USTA Natl. Tennis Ctr.,* 189 AD2d 605).

All concur except Balio and Doerr, JJ., who dissent and vote to affirm in the following Memorandum.

Balio and Doerr, JJ. (dissenting). We respectfully dissent. The expert's affidavit is conclusory in form and is not sufficient to raise a triable issue of fact *(cf., Lopez v Senatore,* 65 NY2d 1017). Although the expert states that the City's maintenance of the chain link fence did not conform to "industry" standards, the expert did not set forth the specific industry or organization that has adopted the standards nor did he provide an official statement concerning those standards. That failure is fatal in this case because pages apparently taken from a manufacturer's catalog or brochure and appended to the expert's affidavit depict grass growing up to a chain link fence that clearly is less than six feet high; that depiction contravenes the so-called industry standards set forth in the conclusory opinion of the expert. Because the expert's affidavit does no more than state unsupported conclusions that appear tailored to overcome the doctrine of assumption of risk, it lacks probative value *(see, Lopez v Senatore, supra).*

Plaintiff, an experienced softball player, was injured when he ran into a chain link fence while attempting to catch a ball in the outfield. Plaintiff had played on fenced-in softball diamonds before and had seen players sustain injuries by running into walls and fences. Before playing that day, he noticed the fence and was aware of it. By voluntarily participating in softball practice on that field, plaintiff assumed the risks inherent in the game, including those risks readily apparent by coming in contact with the outfield fence *(see, Turcotte v Fell,* 68 NY2d 432; *Maddox v City of New York,* 66 NY2d 270; *Giovinazzo v Mohawk Val. Community Coll.,* 207 AD2d 980; *Gallagher v Town of N. Hempstead,* 144 AD2d 637). Thus, we would affirm. (Appeal from Order of Supreme Court, Erie County, Cosgrove, J.—Summary Judgment.) Present—Pine, J. P., Balio, Fallon, Doerr and Boehm, JJ.