FOURTH DEPARTMENT, NOVEMBER, 1995

(November 15, 1995)

■ GERALDINE E. ALEXANDER, Individually and as Parent and Natural Guardian of BRANDON C. ALEXANDER, an Infant, Respondent, v KENDALL CENTRAL SCHOOL DISTRICT, Defendant, and RALPH PERRIGO, Appellant. [634 NYS2d 318] —Order unani-

mously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff, individually and as parent and natural guardian of her son, commenced this action against, *inter alia,* Ralph Perrigo (defendant), the president and head coach of the Kendall Youth Wrestling Club, alleging that her son was injured when he was driven from the mat and struck a scoring table during a match at a wrestling tournament. Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint. Contrary to defendant's argument, the doctrine of primary assumption of the risk does not bar this action because plaintiff's expert raised questions of fact whether the placement of the scoring table at the wrestling tournament and the organization and operation of the tournament created risks beyond those inherent in the sport of wrestling that plaintiff's son assumed *(see, Owen v R.J.S. Safety Equip.,* 79 NY2d 967, 970; *McCrorey v City of Buffalo,* 210 AD2d 908; *Lamey v Foley,* 188 AD2d 157, 163-164).

With respect to the release allegedly signed by plaintiff or her husband, even assuming, arguendo, that it had been signed, it is void because the exculpatory clause therein does not "plainly and precisely" limit the liability of defendant for his own negligent acts *(Gross v Sweet,* 49 NY2d 102, 107). The exculpatory clause states only that the parent releases all rights and claims for damages against defendant "for any and all injuries suffered" by the child or the parent at the wrestling tournament. Such "broad and sweeping language" is ineffective to bar an action against defendant for his negligence *(Gross v Sweet, supra,* at 108). Furthermore, a minor is not bound by a release executed by his parent *(see, Santangelo v City of New York,* 66 AD2d 880, 881; *see also, Shields v Gross,* 58 NY2d 338, 344, *rearg denied* 59 NY2d 762; *Kotary v Spencer Speedway,* 47 AD2d 127, 130). Thus, despite the absence of a cross appeal by plaintiff from the denial of her cross motion to dismiss the affirmative defense of waiver and release *(see,* CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-112), we modify the order on appeal by granting that cross motion. (Appeal from Order of Supreme Court, Orleans County, Gorski, J.—Summary Judgment.) Present—Denman, P. J., Pine, Wesley, Balio and Davis, JJ.