■ THOMAS B. CLARK et al., Appellants, v SACHEM SCHOOL DISTRICT AT HOLBROOK et al., Respondents. [641 NYS2d 890] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Floyd, J.), entered December 22, 1992, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

On March 10, 1992, the infant plaintiff Thomas B. Clark, a 10th grade student at Sachem High School North, was injured while performing a "racing start" from a starting block adjacent to the shallow end of the school's pool. At the time of the accident, Clark was a member of both Sachem High's varsity swim team and the Sachem Swim Club, which regularly met for practice sessions at the high school pool. Describing how the accident occurred at an examination before trial, Clark testified that he was standing on the starting block in the "start" position when he was startled by a noise behind him, which sounded like a whistle. Believing that the noise was the start signal, Clark leaned further forward, and "started the motion of a start". Clark then realized that the noise he had heard was not actually his coach's whistle, and hesitated. Before Clark had an opportunity to fully return to the proper starting position, he heard his coach's start whistle, and he dove into the water. However, he entered the water at a deeper angle than usual, landed too deeply in the water, and struck his head on the bottom of the pool.

Following the accident, Clark and his parents commenced this action against the School District and the Sachem Swim

Club, alleging, *inter alia,* that the defendants had created a dangerous condition by locating the starting blocks near the shallow end of the pool. The defendants subsequently moved for summary judgment, contending that Clark fully comprehended the risks associated with competitive swimming, including the performance of racing dives, and that there was no evidence that the location of the starting block had contributed to his accident and injuries. In opposition to the motion, the plaintiffs asserted, for the first time, that the slope of the starting blocks exceeded the 10 degree angle permitted by industry rules and regulations, and that the steepness of the starting blocks was a substantial cause of the fact that Clark lost his balance and struck his head against the bottom of the pool. The defendants countered by producing, *inter alia,* an affidavit from the Executive Director of United States Swimming, Inc. (hereinafter the USS), the national governing body for competitive swimming in the United States, who assisted in the preparation of the rules and regulations of the USS pertaining to the slope of starting platforms. In his affidavit, the USS Executive Director averred that the subject rules "had no safety purpose whatsoever", and were instead "drafted to ensure continuity between competitive swimming in the United States and that throughout the world, in an effort to prepare young American swimmers for international competition". The Supreme Court subsequently granted the defendants' motion for summary judgment, concluding that the plaintiffs' claim that the angle of the starting block caused the accident was speculative, and that Clark assumed the reasonably foreseeable risks inherent in diving off a starting block into four feet of water.

Contrary to the plaintiffs' contention, we find that the Supreme Court properly awarded summary judgment to the defendants. The uncontroverted evidence establishes that Clark was startled by a noise which he initially believed to be the starting whistle, and that when the starting whistle was actually blown a moment later, he jumped into the water before returning to a proper start position. Thus, it is apparent that Clark made a conscious decision to dive into the water at the sound of his coach's whistle, and the plaintiffs' claim that the slope of the racing block contributed to the accident is mere speculation.

Furthermore, the record supports the court's conclusion that Clark voluntarily assumed the risk inherent in diving off the starting blocks of his high school's pool. As a general rule, students who voluntarily participate in extracurricular sports

may properly be held "to have consented, by their participation, to those injury-causing events which are known, apparent, or reasonably foreseeable consequences of the participation" (*Turcotte v Fell*, 68 NY2d 432, 439; *Baker v Briarcliff School Dist.*, 205 AD2d 652, 654). Here, Clark was an experienced high school swimmer, who had prior experience in the use of the starting blocks at the Sachem High pool, and who was fully aware of the risks inherent in performing racing dives into shallow water. Although Clark asserted, in opposition to summary judgment, that he was not aware of the fact that the slope of the starting blocks exceeded USS regulations, the slope of the blocks did not constitute a hidden or concealed danger, and there is no indication that the slope of the blocks contributed to his accident. Moreover, one of the drafters of the USS rules averred that they were completely unrelated to safety purposes. Consequently, even if the slope of the starting blocks exceeded 10 degrees, as the plaintiffs claim, there is no support for the conclusion that the slope of the blocks unreasonably increased the risk that Clark would be injured by performing a racing start before positioning himself in proper form to enter the water. Accordingly, we agree that the doctrine of assumption of risk requires dismissal of the plaintiffs' action (*see, Steward v Town of Clarkstown*, 224 AD2d 405; *Reilly v Long Is. Jr. Soccer League*, 216 AD2d 281; *Gonzalez v City of New York*, 203 AD2d 421). Balletta, J. P., Joy, Krausman and Florio, JJ., concur.