■ SHARON CONTEH, Appellant, v MAJESTIC FARMS et al., Respondents. [739 NYS2d 728] —In an action to recover damages

for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated November 21, 2000, as granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Although the defendants' cross motion for summary judgment dismissing the complaint was properly granted, we disagree with the Supreme Court's reason for doing so. Contrary to the determination of the Supreme Court, the release from liability executed by the plaintiff did not clearly and unequivocally insulate the defendants from liability for their own negligent acts and, thus, is not enforceable against the negligent acts of the defendants (*see, Gross v Sweet,* 49 NY2d 102).

However, the release from liability was nevertheless enforceable to the extent that it insulated the defendants from liability for injuries resulting from a fall from a horse caused by reasons other than the defendants' negligence. The defendants established, prima facie, that the plaintiff fell from the horse due to her own conduct in leaning improperly while attempting a jump. This enabled the horse to run out from the jump and caused the plaintiff to fall. The plaintiff failed to offer evidence in admissible form to establish that any negligence on the part of the defendants caused or contributed to her fall (*see, Papa v Russo,* 279 AD2d 744; *Andreula v Steinway Baraqa Food Corp.,* 248 AD2d 339).

Moreover, the defendants established, prima facie, that the placement of cavelletti poles on the riding field to the side of the jump setup was standard in the industry and did not constitute a unique danger. The plaintiff failed to submit evidence in admissible form to support her contention that the placement of the cavelletti poles to the side of the jump setup was negligent, or in any way caused or contributed to her accident or injuries (*see, Lamphier v Rome City School Dist.,* 284 AD2d 989; *Clark v Sachem School Dist. at Holbrook,* 227 AD2d 366). Accordingly, the defendants' motion for summary judgment dismissing the complaint was properly granted on the basis of the release from liability. Krausman, J.P., McGinity, H. Miller and Adams, JJ., concur.