Michelle Trummer et al., Appellants, v Reiner N. Niewisch, Doing Business as R.N. Equestrian Services, et al., Respondents. [792 NYS2d 596]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Nastasi, J.), dated December 8, 2003, which granted the motion of the defendants Reiner N. Niewisch, doing business as R.N. Equestrian Services and the separate motion of the defendants River Run Farm, LLC, C.M. Enterprise, LLC, and Christine Meister for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

On June 2, 2002, the plaintiff Michelle Trummer allegedly was injured when she fell from a horse during her riding lesson at the premises operated by the defendant River Run Farm, LLC. At the time of the accident, she was under the supervision of her instructor, the defendant Reiner N. Niewisch, doing business as R.N. Equestrian Services. Nearly two years earlier, in August 2000, the injured plaintiff had executed a "Release, Waiver, and Hold Harmless Agreement" (hereinafter the release) in which she agreed, inter alia, to "release, waive, discharge, and relinquish any and all claims, actions(s) [sic] or cause of action(s) [sic] of whatever kind" against the defendants. The defendants successfully moved for summary judgment based on the language of the release and on the further ground that the injured plaintiff had assumed the risk that resulted in her injury.

Contrary to the defendants' contention, the broad, sweeping language of the release was not sufficiently clear and specific to relieve them of liability arising from their own negligence. "[A]greements to release from 'any and all responsibility or li-

ability of any nature whatsoever for any loss of property or personal injury' " will not bar claims based on negligence (*Gross v Sweet,* 49 NY2d 102, 108-109 [1979]; *see Alexander v Kendall Cent. School Dist.,* 221 AD2d 898 [1995]; *Long v State of New York,* 158 AD2d 778, 779-780 [1990]; *Sivaslian v Rawlins,* 88 AD2d 703, 704 [1982]). Nevertheless, the release is enforceable to the extent of insulating the defendants from liability for injuries resulting from a fall from a horse caused by reasons other than their negligence (*see Conteh v Majestic Farms,* 292 AD2d 485, 486 [2002]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by showing that the injured plaintiff's fall was not due to any negligence on their part (*see Conteh v Majestic Farms, supra*), but rather, was caused by the horse becoming frightened, an inherent, usual, and ordinary risk associated with horseback riding and which the injured plaintiff had assumed (*see Kinara v Jamaica Bay Riding Academy, Inc.,* 11 AD3d 588 [2004]; *Becker v Pleasant Val. Farms,* 261 AD2d 427 [1999]). In opposition, the plaintiffs failed to raise a triable issue of fact as to the defendants' negligence (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). The affidavit submitted by the plaintiffs' expert was conclusory and unsubstantiated, and therefore insufficient to defeat summary judgment (*see Ford v Citibank, N.A.,* 11 AD3d 508, 509 [2004]; *Nangano v Mount Sinai Hosp.,* 305 AD2d 473, 474 [2003]). Accordingly, the Supreme Court properly dismissed the complaint. Schmidt, J.P., Goldstein, Crane and Fisher, JJ., concur.