■ Nancy C. Delaney et al., Appellants, v City of Mount Vernon et al., Respondents. [811 NYS2d 572]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Colabella, J.), entered October 15, 2004, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

Contrary to the Supreme Court's determination, the adoption agreement with respect to the dog that bit the plaintiff Nancy C. Delaney was not sufficient to relieve the defendants of liability for negligence because the exculpatory clause therein did not "plainly and precisely" limit the defendants' liability for their own negligent acts (*Gross v Sweet*, 49 NY2d 102, 107 [1979]; *see Alexander v Kendall Cent. School Dist.*, 221 AD2d 898, 899 [1995]; *Sivaslian v Rawlins*, 88 AD2d 703, 704 [1982]). Even if the agreement had done so, the plaintiffs' claims of gross negligence would still be viable (*see Gross v Sweet, supra* at 106). Furthermore, agreements to release parties from "any and all responsibility or liability of any nature whatsoever" will not bar claims based on ordinary negligence (*Gross v Sweet, supra* at 108 [internal quotation omitted]; *see Trummer v Niewisch*, 17 AD3d 349, 349-350 [2005], *lv denied* 5 NY3d 712 [2005]). Moreover, the remaining provisions of the adoption agreement were insufficient to insulate the defendants from liability.

Furthermore, accepting the facts as alleged in the complaint as true, and according the plaintiffs the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Rochdale Vil. v Zimmerman*, 2 AD3d 827 [2003]; *Board of Educ. of City School Dist. of City of New Rochelle v County of Westchester*, 282 AD2d 561, 562 [2001]), the complaint "adequately alleged for pleading survival purposes" causes of action alleging negligence, gross negligence, and fraud (*Leon v Martinez, supra* at 88). Accordingly, the Supreme Court erred in granting the motion to dismiss the complaint. Crane, J.P., Krausman, Skelos and Lifson, JJ., concur.