■ MICHELE RIGNEY et al., Appellants, v ICHABOD CRANE CENTRAL SCHOOL DISTRICT, Respondent. [874 NYS2d 280]—

Rose, J. Appeal from an order of the Supreme Court (Hummel, J.), entered December 3, 2007 in Columbia County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff Michele Rigney (hereinafter plaintiff) took part in a step aerobics class offered by the adult education program of defendant after paying a fee and executing a release in which she agreed to hold defendant harmless for all claims arising in any way out of her participation in the class. During one of the

classes, the instructor directed class members to retrieve their exercise equipment from a storage closet. When plaintiff did so, several weighted bars fell onto her back and injured her. Plaintiff, and her husband, derivatively, commenced this action to recover for her injuries. Defendant answered, asserted the release as its fifth affirmative defense and ultimately moved for summary judgment based upon that defense. Plaintiffs cross-moved for summary judgment as to defendant's liability and for dismissal of its fifth affirmative defense. Supreme Court granted defendant's motion and denied plaintiffs' cross motion. Plaintiffs appeal.

We find merit in plaintiffs' argument that the release is unenforceable because it did not specifically state that plaintiff was agreeing to exempt defendant from liability arising out of its own negligence. While "the law grudgingly accepts the proposition that [tortfeasors] may contract away their liability for negligently caused injuries, they may do so only on the condition that their intention be expressed clearly and in 'unequivocal terms' " (*Gross v Sweet*, 49 NY2d 102, 110 [1979], quoting *Willard Van Dyke Prods. v Eastman Kodak Co.*, 12 NY2d 301, 305 [1963]). As a result, any agreement that purports to release a tortfeasor from the effects of its own acts or omissions must "plainly and precisely [state] that the 'limitation of liability extends to negligence or other fault of the party attempting to shed his [or her] ordinary responsibility' " (*Gross v Sweet*, 49 NY2d at 107, quoting *Howard v Handler Bros. & Winell, Inc.*, 279 App Div 72, 76 [1951], *affd* 303 NY 990 [1952]). Releases that merely waive any and all claims arising in the future cannot be enforced because they fail to advise the signor that the waiver extends to claims that might arise from the defendant's own negligence (*see e.g. Trummer v Niewisch*, 17 AD3d 349, 349-350 [2005], *lv denied* 5 NY3d 712 [2005]; *Alexander v Kendall Cent. School Dist.*, 221 AD2d 898, 899 [1995]; *Long v State of New York*, 158 AD2d 778, 780 [1990]; *Sivaslian v Rawlins*, 88 AD2d 703, 703 [1982]).*

We do not agree, however, that Supreme Court erred by denying plaintiffs' cross motion for summary judgment on liability. Triable issues of fact exist with respect to plaintiff's possible as-

* Inasmuch as General Obligations Law § 5-326 extends only to those "covenant[s], agreement[s] or understanding[s] . . . which exempt[ ] the said owner or operator from liability for damages caused by or resulting from the negligence of the owner, operator or person in charge of such establishment, or their agents, servants or employees," and because we agree with plaintiffs that the release here does not do so, the statute is inapplicable and provides no support for plaintiffs' alternate contention that the release is void under its provisions.

sumption of the risk of injury and her comparative negligence in the manner in which she accessed the storage closet after becoming aware of its dangerous condition (*see e.g. Pantalone v Talcott*, 52 AD3d 1148, 1149 [2008]; *E.B. Metal & Rubber Indus. v County of Washington*, 102 AD2d 599, 602-603 [1984]).

Cardona, P.J., Kane and Stein, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion for summary judgment and denied that part of plaintiffs' cross motion seeking dismissal of defendant's fifth affirmative defense; defendant's motion denied, plaintiffs' cross motion granted to said extent and defendant's fifth affirmative defense dismissed; and, as so modified, affirmed.

