◾ LAUREN GLENN, Appellant, v RICHARD ANNUNZIATA, Doing Business as PUTNAM CONSTRUCTION Co., et al., Defendants, and COURTYARD FARM, INC., et al., Respondents. [898 NYS2d 265]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Putnam County (O'Rourke, J.), dated January 16, 2009, which granted the motion of the defendants Courtyard Farm, Inc., and

Kristen Carollo for summary judgment dismissing the complaint insofar as asserted against them, (2) from a judgment of the same court entered March 19, 2009, which, upon the order, is in favor of the defendants Courtyard Farm, Inc., and Kristen Carollo and against her dismissing the complaint insofar as asserted against those defendants, and (3) from so much of an order of the same court dated May 26, 2009, as denied that branch of her motion which was for leave to renew her opposition to the motion of the defendants Courtyard Farm, Inc., and Kristen Carollo for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the appeal from the order dated January 16, 2009, is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the motion of the defendants Courtyard Farms, Inc., and Kristen Carollo for summary judgment dismissing the complaint insofar as asserted against them is denied, the order dated January 16, 2009, is modified accordingly, and the order dated May 26, 2009, is vacated; and it is further,

Ordered that the appeal from the order dated May 26, 2009, is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the order dated January 16, 2009, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On November 13, 2003, the plaintiff allegedly was injured when she fell from a horse during her riding lesson at an indoor riding arena owned by the defendant Courtyard Farm, Inc. (hereinafter Courtyard). The plaintiff testified at her deposition that it was very windy, and that during her lesson a piece of corrugated metal fell from the roof of the indoor riding arena, making a loud noise that caused the horse to suddenly move sideways, throwing her from the saddle. The defendant Kristen Carollo, the president and sole shareholder of Courtyard, testified at her deposition that she witnessed the plaintiff's fall, and that no such piece of metal fell from the roof. Rather, Carollo testified that the horse the plaintiff was riding merely "shied" away from the "squeaking" sound of two pieces of metal that "rubbed" together due to strong winds.

Contrary to the determination of the Supreme Court, the

release from liability executed by the plaintiff did not clearly and unequivocally insulate Courtyard and Carollo (hereinafter together the stable defendants) from liability for their own negligent acts and, thus, is not enforceable against the negligent acts of the stable defendants (*see Gross v Sweet*, 49 NY2d 102, 108-109 [1979]; *Trummer v Niewisch*, 17 AD3d 349, 349-350 [2005]; *Conteh v Majestic Farms*, 292 AD2d 485, 486 [2002]). The release from liability is nevertheless enforceable to the extent that it insulates the stable defendants from liability for injuries resulting from a fall from a horse caused by reasons other than the stable defendants' negligence (*see Trummer v Niewisch*, 17 AD3d at 350; *Conteh v Majestic Farms*, 292 AD2d at 486).

However, the stable defendants failed to make a prima facie showing of entitlement to judgment as a matter of law demonstrating that they were not negligent (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The deposition testimony which they proffered in support of their motion raised triable issues of fact as to whether the roof of the indoor riding arena was in a defective condition on the date of the accident, and, if so, whether the stable defendants were negligent in failing to remedy the defect. Moreover, there exists a question of fact as to whether the plaintiff assumed the risk of falling from the horse. While the plaintiff assumed the risk that she could be thrown by a frightened horse, the stable defendants offered no evidence that the plaintiff assumed the heightened risk created by the alleged defective condition of the roof of the indoor riding arena (*see Morgan v State of New York*, 90 NY2d 471, 488 [1997]; *Lipari v Babylon Riding Ctr., Inc.*, 18 AD3d 824, 825 [2005]; *Millan v Brown*, 295 AD2d 409, 410 [2002]). Accordingly, the Supreme Court should have denied the motion, regardless of the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination. Mastro, J.P., Eng, Belen and Austin, JJ., concur.