*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: March 5, 2015                    518790
_____

EDGAR LAWRENCE et al.,
                    Respondents-
                    Appellants,

        v
                                        MEMORANDUM AND ORDER
NORTH COUNTRY ANIMAL CONTROL
    CENTER, INC., Doing Business
    as NORTH COUNTRY ANIMAL
    SHELTER, et al.,
                    Appellants-
                    Respondents.
_____

Calendar Date:   January 14, 2015

Before:   Peters, P.J., McCarthy, Garry and Rose, JJ.

                        _____


        Law Offices of Susan B. Owens, New York City (Paul J.
Catone of counsel), for appellants-respondents.

        Schneider & Palcsik, Plattsburgh (Mark Schneider of
counsel), for respondents-appellants.

                        _____


Rose, J.

        Cross appeals from an order of the Supreme Court (Ellis,
J.), entered November 15, 2013 in Franklin County, which, among
other things, partially granted defendants' motion for summary
judgment dismissing the complaint.

        Plaintiffs adopted a basset hound named Brutus from
defendant North Country Animal Control Center, Inc. (hereinafter
the Center), a not-for-profit animal shelter, on July 3, 2010.
According to plaintiffs, defendant Toni Tuper, an employee of the

Center, informed them that Brutus had exhibited food aggression toward a child in his prior home, that the prior owner did not know how to handle him and that it would not be fair to label the dog as aggressive. Plaintiffs allege that Brutus bit them on their arms without injury on three different occasions prior to July 20, 2010, when he then attacked one of plaintiffs' other dogs. After plaintiff Edgar Lawrence was able to separate the animals, Brutus attacked him, causing severe injuries to both arms. Tuper removed Brutus from plaintiffs' home that same day. The Center subsequently refused to return Brutus to plaintiffs and eventually sent the dog to a basset hound rescue organization in Pennsylvania. The whereabouts of Brutus are currently unknown, despite plaintiffs' attempt to locate him. Plaintiffs located Brutus' prior owner, however, who indicated that the dog had been turned over to the Center in May 2010 to be euthanized because he had attacked the owner and her child.

Plaintiffs commenced this action seeking to recover damages for Lawrence's injuries, asserting causes of action for, among other things, negligence, fraudulent misrepresentation, products liability and intentional infliction of emotional distress. After joinder of issue, defendants moved for summary judgment dismissing the complaint and plaintiffs cross-moved to amend the complaint and for summary judgment on their claim of intentional spoliation. Supreme Court granted the cross motion to amend, denied plaintiffs' cross motion for summary judgment and treated the claim for spoliation as a request for sanctions pursuant to CPLR 3126. The court declined to impose sanctions for defendants' failure to produce Brutus, without prejudice to plaintiffs' ability to raise the issue again after the completion of discovery. Supreme Court also partially granted defendants' motion by dismissing the claims for products liability and for violation of Agriculture and Markets Law §§ 123 and 374. Defendants appeal and plaintiffs cross-appeal.

Defendants argue that because Brutus bit plaintiffs three times prior to the attack that is the subject of the complaint, plaintiffs could not have reasonably relied on defendants' representations as to the dog's behavior and cannot state a claim for fraudulent or negligent misrepresentation. Defendants also argue that those causes of action must fail because plaintiffs

could have learned of Brutus' aggressive nature with due diligence. We are not persuaded. In order to establish their claims for negligent and fraudulent misrepresentation, plaintiffs must demonstrate that they justifiably relied on defendants' misrepresentations (see J.A.O. Acquisition Corp. v Stavitsky, 8 NY3d 144, 148 [2007]; Sutton v Hafner Valuation Group, Inc., 115 AD3d 1039, 1041 [2014]; Zelber v Lewoc, 6 AD3d 1043, 1044 [2004]). Here, plaintiffs allege that they would not have adopted Brutus if they had been told the truth regarding his prior owner's reason for turning him over to the Center. Plaintiffs also allege that, after the three biting incidents, they sought the assistance of trainers to deal with what they perceived as a minor issue. Plaintiffs, who have experience owning and training animals, note that the three prior bites did not break the skin and were far different from the aggressive nature of the later attack. Plaintiffs only learned about Brutus' prior history when they were able to track down the prior owner by posting flyers and they submitted affidavits from the prior owner and her friend regarding their experiences with Brutus and their intent to have him euthanized when they took him to the Center. Under these circumstances, issues of fact exist as to whether plaintiffs reasonably relied on defendants' misrepresentation and whether plaintiffs could have discovered Brutus' dangerous nature with due diligence (see Revell v Guido, 101 AD3d 1454, 1457-1458 [2012]; Pettis v Haag, 84 AD3d 1553, 1555 [2011]; Bethka v Jensen, 250 AD2d 887, 888 [1998]).

Nor are we persuaded by defendants' contention that the waiver included in the adoption agreement is sufficient to preclude plaintiffs from recovering for negligence. In order for a contract clause to exculpate a party from its own negligence, the parties' intention to do so must be "expressed clearly and in unequivocal terms" (Gross v Sweet, 49 NY2d 102, 110 [1979] [internal quotation marks and citation omitted]; accord Rigney v Ichabod Crane Cent. School Dist., 59 AD3d 842, 843 [2009]). Here, the clause at issue does not preclude plaintiffs' claims, as it does not "advise the signor that the waiver extends to claims that might arise from the defendant's own negligence" (Rigney v Ichabod Crane Cent. School Dist., 59 AD3d at 843; see Layden v Plante, 101 AD3d 1540, 1543 [2012]).

We must agree, however, with defendants' argument that the claim for intentional infliction of emotional distress should have been dismissed.  In order to establish such a claim, plaintiffs are required to demonstrate, among other things, conduct on the part of defendants that was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (Howell v New York Post Co., 81 NY2d 115, 122 [1993] [internal quotation marks and citations omitted]; accord Christenson v Gutman, 249 AD2d 805, 808 [1998]).  Here, plaintiffs allege that defendants reported them to the Department of Environmental Conservation for harboring racoons, resulting in an investigation that determined the allegation to be unfounded.  Even accepting these facts as true, they do not satisfy the "rigorous . . . and difficult to satisfy requirements for a viable cause of action for intentional infliction of emotional distress" (Associates First Capital v Crabill, 51 AD3d 1186, 1189 [2008], lv denied 11 NY3d 702 [2008] [internal quotation marks and citation omitted]).

Turning to the cross appeal, we find no error in Supreme Court's determination to treat the spoliation claim as a request for sanctions pursuant to CPLR 3126, inasmuch as the Court of Appeals has specifically "decline[d] to recognize spoliation of evidence as an independent tort claim" (Ortega v City of New York, 9 NY3d 69, 83 [2007]).  Nor have plaintiffs provided any relevant authority for the proposition that a claim for products liability may be stated based on the behavior of an animal adopted from a shelter.

We have considered the parties' remaining contentions and find them to be unavailing.

Peters, P.J., McCarthy and Garry, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied that part of defendants' motion as sought dismissal of the cause of action for intentional infliction of emotional distress; motion granted to that extent and said cause of action dismissed; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court