*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 5, 2015                    519578
_____

EDGAR LAWRENCE et al.,

                    Respondents,

        v

NORTH COUNTRY ANIMAL CONTROL            MEMORANDUM AND ORDER
    CENTER, INC., Doing
    Business as NORTH COUNTRY
    ANIMAL SHELTER, et al.,
                    Appellants.
_____

Calendar Date:  September 8, 2015

Before:  McCarthy, J.P., Egan Jr., Rose and Clark, JJ.

                    _____


        Law Offices of Susan B. Owens, New York City (Paul J.
Catone of counsel), for appellants.

        Schneider & Palcsik, Plattsburgh (Mark Schneider of
counsel), for respondents.

                    _____


McCarthy, J.P.

        Appeal from an order of the Supreme Court (Ellis, J.),
entered August 1, 2014 in Franklin County, which, among other
things, partially granted plaintiffs' motion to compel certain
discovery.

        Plaintiffs adopted a dog from defendant North Country
Animal Control Center, Inc. in July 2010.  After the dog attacked
plaintiffs on multiple occasions and after defendants then took
possession of the dog, plaintiffs commenced this action alleging,
among other things, negligence, negligent misrepresentation,
gross negligence, fraudulent misrepresentation, per se liability,

strict liability and intentional infliction of emotional distress. Both parties then moved for summary judgment and Supreme Court dismissed plaintiffs' claims for products liability, strict liability and spoliation, which the court treated as a request for sanctions pursuant to CPLR 3126. This Court modified the order, dismissing plaintiffs' claim for intentional infliction of emotional distress, and otherwise affirmed the order as so modified (126 AD3d 1078, 1081 [2015]).

Plaintiffs subsequently moved to compel defendants to, among other things, produce the dog, which, in August 2010, defendants had previously sent to an animal rescue in Pennsylvania. Defendants cross-moved for a protective order. Supreme Court granted plaintiffs' motion and denied defendants' cross motion, ordering, as is relevant here, defendants to produce the dog. The court also ordered that, in the event that defendants failed to produce the dog, they would be "precluded from offering any evidence or testimony that they did not know that [the dog] was a dangerous and vicious dog when they sold him to the [p]laintiffs" and that "[a]ny defense based upon their purported lack of knowledge of the dog's dangerous propensities prior to selling him to [p]laintiffs will be stricken from their pleadings." Defendants now appeal, and we affirm.

Initially, we cannot say that a discovery order requiring defendants to either acquire a dog that they had relinquished possession of or suffer sanctions limiting their legal defenses at trial does not fall within the broad standard of "affect[ing] a substantial right" (CPLR 5701 [a] [2] [v]). Accordingly, defendants' appeal from such an order is before us as of right (see Lieblich v Saint Peter's Hosp. of the City of Albany, 112 AD3d 1202, 1204 [2013]; Bristol v Evans, 210 AD2d 850, 851 [1994]). Nonetheless, upon this appeal, defendants do not challenge the compelled discovery,[1] but instead solely argue that

_____

[1]   Most notably, defendants do not challenge Supreme Court's determination that plaintiffs demonstrated that the production of the dog for behavioral examination would produce material and necessary evidence regarding what defendants knew or should have known about the dog in 2010 (see generally Wadolowski

they should not suffer the contemplated sanctions based on their noncompliance in obtaining the dog. The proper avenue for a defaulting party to challenge the self-executing sanctions of a conditional order, however, is a motion to vacate, in which the sanctioned party must establish "(1) a reasonable excuse for the failure to produce the requested items and (2) the existence of a meritorious claim or defense" (Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80 [2010]; accord Cochran v Cayuga Med. Ctr. At Ithaca, 90 AD3d 1227, 1227 [2011]). Defendants did not move to vacate the conditional order. Accordingly, defendants' arguments are not properly before us (see generally Lauer v City of Buffalo, 53 AD3d 213, 216 [2008]).

Egan Jr., Rose and Clark, JJ., concur.


ORDERED that the order is affirmed, with costs.


ENTER:

Robert D. Mayberger
Clerk of the Court

---

v Cohen, 99 AD3d 793, 794 [2012]).