Michael Zafran, Appellant,
against
Michael S. Hertzberg, Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Richard G. Latin, J.), entered April 8, 2014. The order, insofar as appealed from, denied plaintiff's motion for summary judgment in lieu of complaint.




ORDERED that the order, insofar as appealed from, is reversed, without costs, and the matter is remitted to the Civil Court for a new determination of plaintiff's motion for summary judgment in lieu of complaint in accordance with the decision herein.
Plaintiff moved for summary judgment in lieu of complaint (CPLR 3213) to recover the principal sum of $11,082 upon defendant's guaranty of a lease. 
The guaranty being sued upon guaranteed the "full performance of the lease by tenant." Defendant did not submit written opposition to the motion. Following a conference, the Civil Court, among other things, denied the motion upon the ground that "there are disputes as to the lease, tenancy, and other items."
The guaranty being sued upon, which was signed by defendant, was an instrument for the payment of money only (see CPLR 3213), since it was an absolute guaranty which did not require any additional performance as a condition precedent to payment (see Juste v Niewdach, 28 AD3d 416, 417 [2006]). Plaintiff made a prima facie showing of its entitlement to summary judgment in lieu of complaint by establishing the guaranty and defendant's failure to make the payments called for by its terms (see Juste v Niewdach, 28 AD3d 416).
Notwithstanding the lack of written opposition to the summary judgment motion, the Civil Court did not hold defendant in default but, rather, specifically addressed the arguments and defenses presented by defendant at the conference (see Abushihadeh v Bravo, 142 AD3d 631 [2016]; Matter of 144 Stuyvesant, LLC v Goncalves, 119 AD3d 695 [2014]) and found that triable issues of fact exist. However, intelligent appellate review of the court's determination cannot be had because there was no written opposition to the motion or a record of the proceedings that transpired at the conference, and the Civil Court failed to set forth in its order any details of the issues of fact which defendant orally presented with respect to the lease and the tenancy (see Messam v Omeally, 52 Misc 3d 144[A], 2016 NY Slip Op 51282[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). Consequently, so much of the order as denied plaintiff's motion must be reversed and the matter remitted to the Civil Court for a new determination upon a proper record. We note that unsworn factual statements should not be considered (see Messam v Omeally, 52 Misc 3d 144[A], 2016 NY Slip Op 51282[U]).
In view of this determination, we do not pass upon plaintiff's remaining arguments.
The decision and order of this court entered herein on July 13, 2015 (48 Misc 3d 133[A], 2015 NY Slip Op 51074[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]) are hereby recalled and vacated (see motion decided simultaneously herewith).
Elliot, J.P., Pesce and Solomon, JJ., concur.
Decision Date: November 01, 2016